**HARBOR BOATING CLUB OF HUNTINGTON, NEW YORK, INC.,**
Libelant,

v.

**RED STAR TOWING AND TRANSPORTATION COMPANY, Respondent.**

No. 17.

United States District Court
E. D. New York.

Jan. 18, 1960.

James J. Vaughn, Huntington Station, N. Y., for libelant.

Foley & Martin, New York City, for respondent. James S. Reardon, New York City, of counsel.

BARTELS, District Judge.

Motion to remand the proceeding to the Supreme Court of the State of New York, Suffolk County. Libellant instituted an action in the state court to recover the sum of $5,000 for property damages sustained to its pier, float and gangway as the result of the alleged negligence of respondent in its towing operations in the harbor of the Town of Huntington. On September 15, 1959 the action was removed to the admiralty side of this Court.

Libellant withdrew its claim that this is not a case in admiralty (and well it might, see 46 U.S.C.A. § 740) and rests its case for remand upon the "saving to suitors" clause of 28 U.S.C.A. § 1333. Respondent asserts that "saving to suitors in all cases all other remedies to which they are otherwise entitled" means "it is not a remedy in the common law courts which is saved, but the common law remedy," citing The Moses Taylor, 1866, 4 Wall. 411, 431, 18 L.Ed. 397. That case simply held that a proceeding *in rem* is not a common-law remedy and hence was not saved by the clause. It did not purport to deny to litigants their right to pursue in a common-law court such remedy as they theretofore had arising out of maritime controversies.

Jurisdiction in the state court is prerequisite for removal. Wabash Western Ry. v. Brow, 1896, 164 U.S. 271, 17 S.Ct. 126, 41 L.Ed. 431. "That there always has been a remedy at common law for damages by collision at sea, cannot be denied." Schoonmaker v. Gilmore, 1880, 102 U.S. 118, 119, 26 L. Ed. 95. Accordingly, the Supreme Court of the State of New York has jurisdiction over this action. See 46 U.S.C.A. § 740 and Senate Report No. 1593, U.S. Congressional Service, 1948, p. 1898.

It has been recently and authoritatively held that an action for negligence under the general Maritime Law was not an action arising under the Constitution, laws or treaties of the United States over which this Court has jurisdiction under 28 U.S.C.A. § 1331, and that accordingly "saving clause" actions are not removable under 28 U.S.C.A. § 1441 because otherwise the historic option of a maritime suitor to pursue his common-law remedy in either the State

or Federal forum would be eliminated. Romero v. International Terminal Operating Co., 1959, 358 U.S. 354, 79 S. Ct. 468, 3 L.Ed.2d 368. It therefore follows that this action may not be removed.

Libellant's motion to remand to the Supreme Court of the State of New York is hereby granted. Submit order.