In re Howard B. **EISENBERG**, et al., Petitioners,

v.

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS, et al., Respondents.**

No. 90–1636.

United States Court of Appeals, Seventh Circuit.

Submitted June 29, 1990.

Decided Aug. 6, 1990.

Howard B. Eisenberg, Southern Illinois University, School of Law, Carbondale, Ill., for petitioners.

Richard H. Lloyd, Asst. U.S. Atty., East St. Louis, Ill., for respondents.

Before CUDAHY, POSNER, and COFFEY, Circuit Judges.

POSNER, Circuit Judge.

■ We write to reiterate, what seems constantly to need reiteration, clearly established though the proposition is, that mandamus is not to be allowed to do service for an appeal.

The petitioner is the counsel for two indigent federal prisoners, Silverstein and Fountain, who have brought a suit against members of the staff of Marion Federal Penitentiary, where they were formerly confined, seeking damages for violations of their constitutional rights. The petitioner asked the district court for payment, in advance, of out-of-pocket expenses, for such things as travel and telephoning, that he has incurred or expects to incur in the preparation and prosecution of the case. The court turned down the request pursuant to an unpublished plan in the Southern District governing reimbursement of indigents' counsel that limits such reimbursement to $250, payable only at the conclusion of the litigation. This was not a final decision within the meaning of 28 U.S.C. § 1291, nor otherwise appealable; but the petitioner, contending that the limitation of reimbursable expenses violates a host of constitutional rights, his own as well as his clients', asks us to issue a writ of mandamus under 28 U.S.C. § 1651(a), directing the district court to reimburse his expenses irrespective of the local plan.

■ If broadly usable to obtain appellate review of nonfinal orders, mandamus would eviscerate the final-decision rule, the cornerstone of federal appellate jurisdiction. It is true that mandamus is one of the safety valves in that rule but it is one of the tightest. It opens only when the petitioner can show that the district court has violated a clear duty and that immediate correction is necessary—without it the petitioner will suffer serious and irreparable injury. *Mallard v. United States District Court*, 490 U.S. 296, 109 S.Ct. 1814, 1822, 104 L.Ed.2d 318 (1989); *United States v. Spilotro*, 884 F.2d 1003, 1007 (7th Cir.1989); *United States v. Horak*, 833 F.2d 1235, 1249 (7th Cir.1987). The second condition is not satisfied here, so we need not consider whether the first is.

■■ The petitioner contends that without making the expenditures for which the district court refuses to reimburse him, he cannot present an effective case for his clients. We assume for purposes of our decision that the contention is correct. There are two possibilities. The first is that the petitioner will dig into his own pocket for the necessary funds, and when and if his clients win their suit will request reimbursement; if that is denied, he will have an appealable issue to present to us. Well, but what if his clients lose their case, thereby undermining the case for reimbursement? Or what if he is eventually reimbursed, but without interest? In either case he will remain free to pursue his remedies under the Tucker Act. 28 U.S.C. § 1346(b). For he claims that the district court's plan under which he was denied immediate and full reimbursement of expenses that his duty to his clients requires him to incur violates his rights under the Fifth Amendment's just-compensation

clause. The Tucker Act provides a complete remedy for such violations.

The other possibility is that the petitioner will forgo the expenditures. If his clients win anyway, no harm will have been done. If they lose, they will have an appealable issue. Of course they will have to fend off an argument that the error if any in failing to cover the expenses that the petitioner wanted to make was harmless. But the fact that an error may turn out to be harmless is not a reason for an immediate appeal. It is a reason against it, for it shows that there may be no harm at all, let alone irreparable harm, from waiting to the end of the case to appeal.

■ It might economize on lawyer and judicial time in the long run to get the issue of the validity of the district court's plan resolved before this lawsuit is much more advanced. But that is an argument not for mandamus but instead for certifying a controlling question of law for an immediate appeal, under 28 U.S.C. § 1292(b). The fact that the question is procedural rather than substantive is not a bar to certification. (This is a proposition that the cases assume rather than discuss, see, e.g., *Sperling v. Hoffman–La Roche Inc.*, 862 F.2d 439, 442 (3d Cir.1988), but we have no reason to doubt that it is correct. 9 Moore's Federal Practice ¶ 110.22[2], at pp. 273–75 (2d ed. 1990).) The petitioner has misconceived his remedy, for given the alternative avenues of relief that were open to him it is apparent that the conditions for a grant of mandamus cannot be satisfied. The petition is therefore

DENIED.

CUDAHY, Circuit Judge, concurring:

It is particularly unfortunate that Howard Eisenberg, whose numerous and dedicated pro bono representations in this court and others have been models of professional conduct, should now be faced with demands to contribute not only his time but also his money to the cause of justice. I agree that mandamus is unavailable here, but Eisenberg should promptly seek an immediate appeal under 28 U.S.C. section 1292(b) (West Supp.1990). I should hope his request could be granted expeditiously:

> Requiring lawyers to pay the necessary expenses of criminal defense work without reimbursement is, however, constitutionally distinct from merely compelling lawyers to provide their services.... Compelling individual attorneys to bear such costs raises serious due process issues.

*Williamson v. Vardeman*, 674 F.2d 1211, 1215 (8th Cir.1982).