**In re Mitchell DUTILE, Nichole Dutile and Ashley Dutile, Petitioners.**

No. 90–3887.

United States Court of Appeals, Fifth Circuit.

May 21, 1991.

Lawrence Blake Jones, David C. Whitmore, Scheuermann & Jones, New Orleans, for petitioners.

Charles Schwartz, Jr., U.S. Dept. of Justice, New Orleans, La., for U.S.

Elton F. Duncan, III, Lawrence E. Abbott, Shelly Gilbreath Wells, Abbott, Best & Meeks, New Orleans, La., for Cardinal Wireline.

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

On January 8, 1991, our panel denied without written opinion a petition for writ of mandamus to require the United States District Court for the Eastern District of Louisiana to remand this case to the Civil District Court for the Parish of Orleans, Louisiana. Petitioners have filed a suggestion for rehearing en banc. We acknowledge error. Treating the suggestion as a petition for panel rehearing, we grant the petition for rehearing and grant the petition for writ of mandamus.

Petitioners, a seaman and his wife and daughter, brought suit in Louisiana state

**62**

court to recover damages for injuries sustained while Mitchell Dutile was working aboard the M/V JO–MAC–8. They sought relief under the Jones Act, 46 U.S.C. App. § 688, the general maritime law, and Louisiana law. Defendants named included the M/V JO–MAC–8, Cardinal Wireline Specialists, Inc., and others. Although the vessel was neither cited nor served with the complaint, Cardinal filed on behalf of itself and the vessel a petition for removal to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §§ 1333(1) and 1441. Petitioners filed a motion to remand, which the district court denied. Petitioners then sought a voluntary dismissal of the M/V JO–MAC–8 without prejudice; the district court denied this request. Finally, petitioners filed a motion for dismissal of the M/V JO–MAC–8 (with or without prejudice) and for reconsideration of the motion to remand; they fared no better in this endeavor. When the district court declined to certify an appeal, petitioners applied to our court for a writ of mandamus.

Petitioners seek a remand on the authority of 28 U.S.C. § 1445(a), which provides in this context that "a Jones Act claim filed in state court may not be removed to federal court." *Lirette v. N.L. Sperry Sun, Inc.,* 810 F.2d 533, 535 (5th Cir.), *aff'd in relevant part on rehearing en banc,* 820 F.2d 116, 117 (5th Cir.1987). Respondents, Cardinal and the M/V JO–MAC–8, acknowledge § 1445(a), but seek to defeat its application in this case with a two-step argu-

ment. First, because the in rem claims against the vessel are included within the *exclusive* admiralty jurisdiction of the federal courts conferred by § 1333(1), they constitute a "civil action ... of which the district courts ... have original jurisdiction," removal of which is authorized by § 1441(a). Second, because the in rem claims are "separate and independent claim[s] ... which would be removable if sued upon alone, ... the entire case may be removed" pursuant to § 1441(c), even though the in rem claims are "joined with ... otherwise non-removable [Jones Act and state law] claims." [1]

■ We need not in this case resolve the potential conflict between § 1445(a) and § 1441(c). We do not reach the second step of respondents' argument because we reject the first step. Even if we assume (without deciding) that simply by naming, but not serving, the M/V JO–MAC–8 in their complaint, petitioners created in rem claims that they did not intend to plead, these admiralty claims are not in this case removable pursuant to § 1441(a).

Admittedly, the in rem claims do constitute a "civil action ... of which the district courts ... have original jurisdiction" by virtue of § 1333(1). Section 1441(a), however, is prefaced by the phrase, "Except as expressly provided by Act of Congress...." One of these express provisions is found in § 1441(b). The first sentence of that subsection provides that removal of actions "founded on a claim or

---

1. Section 1333(1) provides: "The district courts shall have original jurisdiction, exclusive of the courts of the States, of ... [a]ny civil case of admiralty or maritime jurisdiction, saying to suitors in all cases all other remedies to which they are otherwise entitled." The saving-to-suitors clause allows state courts to exercise concurrent jurisdiction over common-law claims arising in maritime contexts, including claims under the Jones Act.

Section 1441 provides in relevant part:

(a) Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending....

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought.

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein....

right arising under the Constitution, treaties or laws of the United States" may proceed without regard to the citizenship of the parties. Emphatically, claims in admiralty, whether designated in rem or in personam, do *not* fall within this category. *See Romero v. International Terminal Operating Co.*, 358 U.S. 354, 378, 79 S.Ct. 468, 483, 3 L.Ed.2d 368 (1959) (finding it "clear that the words of [the 'arising under'] statute do not extend, and could not reasonably be interpreted to extend, to cases of admiralty and maritime jurisdiction"). Thus, admiralty and general maritime claims fall within the category of "[a]ny other [civil] action" governed by the second sentence of § 1441(b). As such, they are "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought."

The practical effect of these provisions is to prevent the removal of admiralty claims pursuant to § 1441(a) unless there is complete diversity of citizenship (predicated upon out-of-state defendants). This conclusion is not new to our court's jurisprudence. *See Poirrier v. Nicklos Drilling Co.*, 648 F.2d 1063, 1065 (5th Cir. Unit A June 1981) ("This circuit has already recognized the removability, on diversity grounds, of maritime actions brought in state courts....") (citing *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 255 (5th Cir.1961) (*Romero* "made clear that except in diversity cases, maritime litigation brought in state courts could not be removed to the federal courts.")). A defendant who desires to remove a maritime action from state court to federal court must establish diversity jurisdiction.

We recognize that our construction of § 1441 creates somewhat of an anomaly—certain in rem admiralty claims, of which the federal district courts have exclusive jurisdiction, may not be removed from state court. This holding is not, however, the result of some antiquated notion of "derivative jurisdiction," a judicial gloss on

the removal statutes that Congress overruled by adding subsection (e) to § 1441. *See generally* H.R.Rep. No. 423, 99th Cong., 1st Sess. 13–14 (1985), *reprinted in* 1986 U.S.Code Cong. & Admin.News 1545, 1553–54. Rather, it flows necessarily from the most basic of federal jurisdictional rules: as regards the inferior federal courts, "two things are necessary to create jurisdiction, whether original or appellate. The Constitution must have given to the court the capacity to take it, *and an act of Congress must have supplied it.*" *The Mayor v. Cooper*, 73 U.S. (6 Wall.) 247, 252, 18 L.Ed. 851 (1868) (emphasis added). As we construe the plain language of § 1441(b), read in conjunction with *Romero*, Congress simply has not supplied the district courts with removal jurisdiction of admiralty claims absent diversity. We have no power to create such jurisdiction where Congress has not acted.

■ We have concluded that admiralty and maritime claims may be removed to federal court only by non-forum defendants and only where there is complete diversity of citizenship. Cardinal is incorporated in Louisiana and is therefore a citizen of that state for jurisdictional purposes. *See* 28 U.S.C. § 1332(c)(1). Consequently, the in rem claims against the M/V JO–MAC–8 were not removable to federal court under § 1441(a). Obviously, the Jones Act and Louisiana law claims were not by themselves removable. Because none of petitioners' claims "would be removable if sued upon alone," respondents have no occasion to invoke § 1441(c). Accordingly, the case was improperly removed, and the district court should have remanded it.[2]

■ Recognizing that mandamus is an extraordinary remedy not available as a mere substitute for appeal, we feel obliged to explain that mandamus is granted here for more than the trial court's legal error. In § 1445(a), Congress has granted Jones Act plaintiffs the uncommon right to choose—without regard for the wishes of

---

**2.** As respondents' brief repeatedly reminds, § 1333(1) confers *exclusive* jurisdiction of in rem admiralty claims on the *federal* courts. On

remand, of course, the state court would have to dismiss such claims if petitioners tried to pursue them.

**64**

defendants—to litigate their claims in state court if they so desire. Our failure to grant the writ would thwart this policy. Also, it may fairly be said that if we do not grant the writ, petitioners would be trapped in a federal forum they did not choose on an explicitly non-removable claim, intertwined with a possible federal "party" they did not want relief against in the first place. We need not enforce such an absurd result and require petitioners to go to trial in federal court and await an appellate remedy.

The petition for rehearing is granted and the petition for WRIT OF MANDAMUS IS GRANTED.