In re: Dale **CHIMENTI,** Lizabeth Chimenti, Joey Chimenti, and Stefanie Chimenti, Petitioners.

No. 95–1358.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 30, 1996.

Decided March 29, 1996.

Dennis M. O'Bryan (argued) and John S. Hone, O'Bryan Law Center, Birmingham, MI, for Petitioners.

Michael D. Ritenour (argued), Richard A. Kudla & Assoc., Southfield, MI, for Respondent.

Before: MARTIN, NORRIS, and MOORE, Circuit Judges.

MOORE, Circuit Judge.

The Chimentis seek a writ of mandamus to remand their maritime action to state court. They originally filed suit in Michigan trial court under the "saving to suitors" clause of 28 U.S.C. § 1333(1), which preserves the ability of plaintiffs to bring *in personam* maritime claims in state court. Defendants removed the action, and the district court denied remand. Because we conclude that the district court improperly exercised jurisdiction over this action, we grant the writ.

## I

Petitioners Dale and Lizabeth Chimenti arranged a family vacation in Mexico through their travel agents, Apple Vacations, Inc. and Kimberly Travel, Inc., in early 1994. They stayed at the Sol Caribe Cozumel, which had been described in brochures as an excellent hotel where "water sports are available." While there, Dale Chimenti rented jet skis to take out into the open seas, and the jet skis allegedly malfunctioned during use, leaving Chimenti to "drift aimlessly" for close to 51 hours "in shark infested waters[,] during

which time his dehydrating body was enwrapped by sea snakes and fed on by fish while his tongue swoll as he baked in the tropical sun." Compl. at 3. According to petitioners, just as he was "entering the abyss between life and death," personnel on a German freighter spotted Chimenti and rescued him. *Id.* It turns out that the jet skis were not provided by the hotel but by an independent Mexican operation, Fantasia Divers' de Mexico S.A. de C.V. It is unclear from petitioners' complaint, though, whether Chimenti knew at the time he rented the jet skis that he was dealing with a different company from the hotel.

Petitioners are Michigan citizens, and they filed a diversity action against Apple Vacations, a non-Michigan defendant, in federal district court. The complaint was dismissed without prejudice, however, so that Kimberly Travel, a Michigan defendant, could be joined in a state court action. Petitioners then filed a state court complaint against both travel agents under the Michigan Consumer Protection Act, Mich.Comp.Laws § 445.901 *et seq.*, alleging fraudulent misrepresentations regarding the water sports equipment and services available at the hotel, "upon which Plaintiffs relied to their detriment." Compl. at 4. Because the alleged injuries occurred in the Gulf of Mexico, petitioners/plaintiffs invoked the "saving to suitors" clause of 28 U.S.C. § 1333(1), which preserves the ability of plaintiffs to bring general maritime law claims in state court, as long as the proceeding is *in personam* and not *in rem*. See *Madruga v. Superior Court of California,* 346 U.S. 556, 560–61, 74 S.Ct. 298, 300–01, 98 L.Ed. 290 (1954).[1] Defendants nevertheless removed the case to federal court. The district court denied plaintiffs' motion to remand and subsequent motion for reconsideration. Plaintiffs now bring this petition. We have jurisdiction under 28 U.S.C. § 1651.

## II

The "saving to suitors" clause is found in 28 U.S.C. § 1333(1):

---

**1.** Petitioners do not dispute the district court's finding that the alleged injury arose from maritime activity and therefore implicates maritime law issues. *Cf. Yamaha Motor Corp. v. Calhoun,*

—— U.S. ——, ——, 116 S.Ct. 619, 623, 133 L.Ed.2d 578 (1996) (jet ski collision on navigable waters gives rise to admiralty jurisdiction but does not automatically displace state law).

The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

> (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

Although the plain meaning of this language is by no means an intuitive matter, the Supreme Court has clearly held that the "saving" clause "leave[s] state courts 'competent' to adjudicate maritime causes of action in proceedings 'in personam,' that is, where the defendant is a person, not a ship or some other instrument of navigation." *Madruga,* 346 U.S. at 560–61, 74 S.Ct. at 301. Thus, although federal courts have exclusive jurisdiction over *in rem* actions, federal and state courts have concurrent jurisdiction over *in personam* actions, *see id.* at 561, 74 S.Ct. at 301, and the effect of the clause is to give an *in personam* plaintiff "the choice of proceeding in an ordinary civil action, rather than bringing a libel in admiralty." 14 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3672, at 430 (1985). As Wright, Miller & Cooper explain, section 1333 gives the "suitor" the following options:

> First, the claimant may invoke federal admiralty jurisdiction under the grant of original subject matter jurisdiction over admiralty, maritime, and prize cases set out in Section 1333. Neither diversity of citizenship nor a minimum amount in controversy need be shown under the statute. On the other hand, most plaintiffs have no right to a trial by jury if they invoke the federal court's general admiralty jurisdiction. Second, by virtue of the "saving clause," plaintiff also may sue at law in a state court or in a United States district court. However, to pursue the latter choice, the requirements of diversity of citizenship and jurisdictional amount must be satisfied.

*Id.* at 431–33 (citations omitted).

■ Courts have consistently interpreted the "saving clause" to preclude removal of maritime actions brought in state court and invoking a state law remedy, provided there is no independent federal basis for removal,

such as diversity jurisdiction. Although the Supreme Court has never directly held that removal is prohibited, lower courts have relied on strongly worded dicta in *Romero v. International Terminal Operating Co.,* 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959), which support preserving the plaintiff's choice of forum. *Romero*'s actual holding was that general maritime law claims do not fall under Congress's grant of federal question jurisdiction in 28 U.S.C. § 1331. *Id.* at 378–79, 79 S.Ct. at 483–84. In arriving at such a conclusion, though, the Court observed that if the rule were otherwise,

> the historic option of a maritime suitor pursuing a common-law remedy to select his forum, state or federal, would be taken away.... By making maritime cases removable to the federal courts it would make considerable inroads into the traditionally exercised concurrent jurisdiction of the state courts in admiralty matters—a jurisdiction which it was the unquestioned aim of the saving clause of 1789 to preserve.

*Id.* at 371–72, 79 S.Ct. at 479–80. Earlier in the opinion, the Court noted, "The removal provisions of the original Judiciary Act of 1789, 1 Stat. 79, conferred a limited removal jurisdiction, not including cases of admiralty and maritime jurisdiction. In none of the statutes enacted since that time have saving-clause cases been made removable." *Id.* at 363 n. 16, 79 S.Ct. at 475 n. 16.

As a result, the two courts of appeals that have squarely faced the issue have held that admiralty and maritime claims are not removable to federal court unless there exists some *independent* basis, such as diversity of the parties, for federal jurisdiction. *See Servis v. Hiller Systems Inc.,* 54 F.3d 203, 206–07 (4th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 799, 133 L.Ed.2d 747 (1996); *Linton v. Great Lakes Dredge & Dock Co.,* 964 F.2d 1480, 1488 (5th Cir.), *cert. denied,* 506 U.S. 975, 113 S.Ct. 467, 121 L.Ed.2d 375 (1992); *In re Dutile,* 935 F.2d 61, 62–63 (5th Cir.1991) (relying on *Romero* and relied on by both *Servis* and *Linton*). Section 1333, which provides a basis for federal jurisdiction in *in personam* actions if the claimant so chooses, provides no basis for removal if the

claimant does *not* so choose. *See* 14 Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* §§ 3672, 3674 (1985). *Dutile* is especially apt here, because the Fifth Circuit in that case granted a writ of mandamus to require the district court to remand to the state court. 935 F.2d at 63–64.

In short, it is settled that actions brought in state court under the "saving to suitors" clause are not generally removable. This makes sense, since the entire purpose of the saving clause was to give claimants pursuing a common-law remedy the ability to choose their forum, and such purpose would be completely diluted if defendants were allowed to remove saving-clause actions just like any other federal action. *See generally* 14 Wright, Miller & Cooper § 3674, at 460–68. Although the Chimentis could have commenced their maritime action in federal court, once they selected state court, that choice could not be disturbed. Because defendants Apple Vacations and Kimberly Travel cannot show the presence of one of the additional requirements for federal jurisdiction found in 28 U.S.C. §§ 1331 or 1332 (an independent federal question or complete diversity of the parties), we conclude that removal was improper. The district court should have remanded the case.

### III

Our determination of error does not end our inquiry. The question remains whether a writ of mandamus is an appropriate remedy when the district judge has erred by failing to remand.[2] As noted earlier, the Fifth Circuit in *Dutile* granted mandamus to require remand of a saving-clause action to state court. Unlike the petitioners here, however, the petitioners in that case first sought certification under 28 U.S.C. § 1292(b) in order to bring a permissive interlocutory appeal.[3] It was only when certi-

fication was denied that they brought the petition for mandamus. *Dutile*, 935 F.2d at 62. Should the Chimentis' failure to seek certification here serve as a bar to their petition? We hold that the answer is no, although such a failure will usually provide a good reason for denying the writ.

We recognize that the "extraordinary" remedy of mandamus cannot be used where an "ordinary" appeal would otherwise suffice. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 8 n. 6, 103 S.Ct. 927, 933 n. 6, 74 L.Ed.2d 765 (1983). Some courts of appeals have used this principle to deny mandamus where petitioners have failed first to seek permissive interlocutory review under 28 U.S.C. § 1292(b), or to explain why such relief would be inadequate. *See, e.g., DeMasi v. Weiss*, 669 F.2d 114, 118–19 (3d Cir.1982); *Rapp v. Van Dusen*, 350 F.2d 806, 813 (3d Cir.1965); *Evans Electrical Constr. Co. v. McManus*, 338 F.2d 952, 953 (8th Cir.1964). *See also In re Eisenberg*, 910 F.2d 374, 376 (7th Cir.1990) ("The petitioner has misconceived his remedy, for given the alternative avenues of relief that were open to him [one of which was seeking certification under § 1292(b) ] it is apparent that the conditions for a grant of mandamus cannot be satisfied."). It is unclear from these decisions, however, whether the petitioner's failure to seek certification acted as a complete barrier to obtaining mandamus relief, or whether the availability of permissive interlocutory review merely provided one indication to the court that the issues at stake were inappropriate for the more drastic remedy—i.e., the availability of § 1292(b) certification merely highlighted the possibility of ordinary review and the unsuitability of the "extraordinary" writ.

We agree with subsequent decisions of the Third and Ninth Circuits and conclude that the failure to seek interlocutory review under

**2.** We note that we deal here with a *denial* of remand rather than a *grant,* and so this case is not governed by the strictures of 28 U.S.C. § 1447(d) and *Things Remembered, Inc. v. Petrarca,* — U.S. —, — – —, 116 S.Ct. 494, 496–97, 133 L.Ed.2d 461 (1995).

**3.** 28 U.S.C. § 1292(b) allows for discretionary review by the court of appeals when the district court has certified its interlocutory order as involving "a controlling question of law as to which there is substantial ground for difference of opinion" and on which "an immediate appeal ... may materially advance the ultimate termination of the litigation."

§ 1292(b) does not automatically preclude issuance of the writ of mandamus. In *Alexander v. Primerica Holdings, Inc.,* 10 F.3d 155, 163 (3d Cir.1993), and *In re School Asbestos Litigation,* 977 F.2d 764, 773–74 (3d Cir. 1992), the Third Circuit held that there should not be any bright-line rule requiring petitioner to seek a § 1292(b) certification, or show good reason why it was not sought, before filing a mandamus petition. As the *School Asbestos* court explained:

> We reiterate our preference for an explanation in the petition for why interlocutory appeal is not an adequate alternative. Where interlocutory appeal seems a practical but untried avenue, we will ordinarily deny a petition for mandamus. We decline, however, to dismiss any of the petitions in this case out of hand for failure to address the availability of interlocutory appeal.

977 F.2d at 774 (citations omitted). The court stressed that a "rigid" approach to mandamus relief would be inconsistent with its purposes: "Some flexibility is required if the extraordinary writ is to remain available in extraordinary situations. 'The writ is a safety valve (one of several safety valves, in fact) in the final-judgment rule, and its proper use cannot be wholly reduced to formula.' " *Id.* at 773 (citing *Maloney v. Plunkett,* 854 F.2d 152, 155 (7th Cir.1988)). Similarly, the Ninth Circuit rejected the application of a strict requirement that petitioner first attempt to obtain § 1292(b) certification, where possible, before seeking mandamus. *See Executive Software North America, Inc. v. United States Dist. Ct.,* 24 F.3d 1545, 1549–50 (9th Cir.1994). The court pointed out that such a requirement would be needlessly inflexible and inconsistent with prior practice. Although previous Ninth Circuit decisions might have appeared to require that petitioner first try to obtain § 1292(b) certification, the court explained that these rulings were simply "based on prudential considerations." *Id.*

■ Clearly, the better practice would have been for the Chimentis to try first to obtain permissive interlocutory review under § 1292(b). The possibility of such review was at least theoretically available here, since mandamus was not the only possible avenue of relief. In both *Servis v. Hiller Systems Inc.* and *Linton v. Great Lakes Dredge & Dock Co.,* the issue of the removability of saving-clause actions came up on regular appeal, not mandamus, and the court in *Linton* explicitly stated that certification under § 1292(b) had been granted. *Linton,* 964 F.2d at 1483.[4] Moreover, it is evident that the less-stringent standards for prevailing on a regular appeal, rather than on mandamus, could only have benefited the Chimentis. Nevertheless, we hold that petitioners' failure to seek certification does not automatically rule out the possibility of mandamus relief here. Certainly, there is nothing in § 1292(b), the All Writs Act (28 U.S.C. § 1651), or Rule 21 of the Federal Rules of Appellate Procedure that might suggest such a limitation on this court's mandamus jurisdiction. The remedy of mandamus should remain "flexible," *School Asbestos,* 977 F.2d at 773, and the potential availability of § 1292(b) certification should only be one factor affecting the court's "prudential considerations" regarding whether the writ should be granted, *Executive Software,* 24 F.3d at 1550. Indeed, this court has already embraced a multi-factor test for determining the propriety of mandamus, where the first factor examines the availability of direct appeal. *See In re Bendectin Products Liability Litigation,* 749 F.2d 300, 304 (6th Cir. 1984). In our view, the question of whether petitioners first sought § 1292(b) certification is subsumed in the first factor of the *Bendectin* analysis.

In addition, our holding is consistent with this court's prior decisions in *Allstate Ins. Co. v. United States Dist. Ct.,* 264 F.2d 38 (6th Cir.1959) (per curiam), and *Ohio Envtl. Council v. United States Dist. Ct.,* 565 F.2d 393 (6th Cir.1977). In *Allstate,* although the panel observed that § 1292(b) certification had not been sought, and although it ultimately denied the writ of mandamus, it did

---

**4.** The basis for interlocutory appeal in *Servis* was not explained, but it is likely that the case reached the court of appeals via the same route.

No other means of regular appeal seems to have been possible. *See Servis,* 54 F.3d at 206.

not explicitly state that the failure to seek certification necessarily precluded granting the writ. 264 F.2d at 39–40. Similarly, in *Ohio Envtl. Council*, the court held that where the district court abused its discretion, plaintiff would not be required to attempt to obtain a permissive interlocutory appeal before petitioning for mandamus. 565 F.2d at 398. Neither case imposed an absolute bar against mandamus relief where permissive interlocutory review remained possible yet untried.

Consequently, an extraordinary writ is not automatically precluded in this case, and we proceed to a determination of whether mandamus is appropriate under the five-factor framework set forth in *Bendectin*, 749 F.2d at 304:

(1) The party seeking the writ has no other adequate means, such as direct appeal, to attain the relief desired.

(2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. (This guideline is closely related to the first.)

(3) The district court's order is clearly erroneous as a matter of law.

(4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules.

(5) The district court's order raises new and important problems, or issues of law of first impression.

*Bendectin* did not require that every element be met, observing that the factors would often be balanced in opposition to each other. *Id.* In the instant case, it is apparent that factors (1), (2), (3), and (5) all weigh in favor of granting the writ. First, a denial of a motion to remand is not generally appealable under 28 U.S.C. § 1291. *See Neal v. Brown*, 980 F.2d 747, 748 (D.C.Cir.1992), *cert. denied*, 507 U.S. 1051, 113 S.Ct. 1945, 123 L.Ed.2d 650 (1993) (citing in support "every other federal court of appeals that has addressed this issue"). Although the availability of permissive interlocutory appeal under § 1292(b) should normally militate against granting the writ, it is plain that any attempt to obtain certification in this case would have been futile. The district court obviously viewed the Chimentis' attempts to remand as lacking in merit, having denied not only the motion to remand but also the motion for reconsideration. There was no apparent likelihood that the Chimentis would succeed in convincing the district court to certify a § 1292(b) appeal. Therefore, petitioners' failure to request certification cannot be held too strongly against them, and direct appeal was not an adequate remedy here. Second, forcing petitioners to litigate a case in a forum they did not choose, even though the applicable law was designed to *preserve* their choice of forum, constitutes significant damage "not correctable on appeal." Third, as already discussed in part II above, the district court clearly erred. Fourth, the removability of "saving to suitors" clause actions is a question of first impression in this circuit. Thus, under the *Bendectin* guidelines, the writ of mandamus should issue.

Given the district court's clear error of law and consequent extension of jurisdiction beyond the bounds set by Congress in 28 U.S.C. § 1333, *see Dutile*, 935 F.2d at 63–64, we conclude that mandamus provides the appropriate remedy here.

## IV

Because "saving to suitors" clause cases are not generally removable, and because petitioners' failure to seek certification under 28 U.S.C. § 1292(b) does not serve as an automatic bar to extraordinary writ review, the petition for writ of mandamus is **GRANTED** pursuant to 28 U.S.C. § 1651. The district court shall remand the case to state court.