**Robert W. CARR d/b/a Washington Island Marine Rescue, Plaintiff,**

v.

**Shirley JETTER, Defendant.**

No. 00–C–0561.

United States District Court, E.D. Wisconsin.

June 27, 2000.

James Ebbeson, Sturgeon Bay, WI, for Plaintiff.

Richard A. Diety, for Defendant.

### DECISION AND ORDER

ADELMAN, District Judge.

In August 1999 defendant Shirley Jetter grounded her sailboat on Plum Island in Door County, Wisconsin. She then contracted with plaintiff Robert W. Carr to salvage her boat from the Plum Island reef. Plaintiff salvaged the boat and submitted a bill to defendant for $15,830. Defendant allegedly failed to pay the bill, whereupon plaintiff sued her for breach of contract in Door County Circuit Court.

Pursuant to 28 U.S.C. §§ 1441 and 1446 defendant removed the action to federal court alleging that under 28 U.S.C. § 1333(a) the case was within the court's admiralty and maritime jurisdiction. Plaintiff has requested that the matter be remanded to state court.

Under 28 U.S.C. § 1447(c), a federal court must remand a case to state court if the federal court lacks subject matter jurisdiction. The court's admiralty and maritime jurisdiction is delineated in 28 U.S.C. § 1333, which provides: "The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."

Cases involving salvaging vessels in navigable waters are within the admiralty and maritime jurisdiction of the federal courts. 2 Thomas J. Schoenhaum, *Admiralty & Maritime Law* 323 (2d ed.1994); *Houseman v. The North Carolina,* 40 U.S. 40, 15 Pet. 40, 10 L.Ed. 653 (1841). The "saving to suitors" clause in § 1333, however, leaves state courts competent to adjudicate maritime causes of action in proceedings in personam, that is, where the defendant is a person rather than a ship or some other instrument of navigation. *Madruga v. Superior Court of Cal.,* 346 U.S. 556, 560–61, 74 S.Ct. 298, 98 L.Ed. 290 (1954). Thus although federal courts have exclusive jurisdiction over in rem actions, federal and state courts have concurrent jurisdiction over in personam actions, and the effect of the "saving to suitors" clause is to give an in personam plaintiff the choice of bringing an ordinary civil action in state court, rather than a claim in admiralty. *In Re Chimenti,* 79 F.3d 534, 537 (6th Cir.1996).

Courts have consistently interpreted the "saving to suitors" clause to preclude removal of admiralty and maritime actions brought in state court and invoking a state law remedy provided there is no independent basis for removal, such as diversity jurisdiction. *Id.* Although the Supreme Court has never held that removal is prohibited, lower courts have relied on strongly worded dicta in *Romero v. International Terminal Operating Co.,* 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959), which supports preserving the plaintiff's choice of forum. *Id.; see also Servis v. Hiller Sys., Inc.,* 54 F.3d 203, 206–07 (4th Cir.1995);

*Linton v. Great Lakes Dredge & Dock Co.,* 964 F.2d 1480, 1488 (5th Cir.1992).

Thus § 1333 provides a basis for federal jurisdiction in in personam actions if the plaintiff so chooses, but provides no basis for removal if the plaintiff does not so choose. In the present case plaintiff brought an in personam action in state court involving the salvage of a vessel. Under the principles stated, plaintiff could have brought this action in federal court but because of the "saving to suitors" provision in § 1333 defendant may not *remove* the case to federal court. Therefore, plaintiff's motion to remand must be granted.

**THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion to remand is **GRANTED**.

The clerk of court is directed to forward a certified copy of this order and a copy of the file for this action to the Door County Circuit Court.