Richard T. **AUERBACH**, Plaintiff,

v.

**TOW BOAT U.S., et al., Defendants.**

**Civil Action No. 03–2222 (MLC).**

United States District Court,
D. New Jersey.

Jan. 14, 2004.

F. Kevin Lynch, East Brunswick, NJ, for plaintiff.

Picillo Caruso & O'Toole (Richard D. Picini of counsel), Nutley, NJ, and Rubin, Fiorella & Friedman, LLP (James E. Mercante of counsel), New York City, for defendants.

## MEMORANDUM OPINION

COOPER, District Judge.

This is an action to recover damages for breach of contract and negligent provision of towing services. The defendants are Tow Boat U.S., d/b/a Miller's Towing & Salvage, t/n Miller's Towing & Salvage ("MTS"), and Boat U.S. ("BUS"). MTS and BUS removed this action from state court to this Court based on the jurisdiction of the federal courts in admiralty cases. *See* 28 U.S.C. § 1333. The plaintiff, Richard T. Auerbach, moves to remand the action under the saving-to-suitors clause contained in 28 U.S.C. § ("Section") 1333(1) and for an award of costs and expenses incurred due to the removal. *See* 28 U.S.C. § 1447. The Court will grant only the part of the motion seeking remand.[1]

---

1. The Court reviewed, *inter alia,* (1) the complaint, (2) the notice of removal, (3) the notice of motion and brief in support, and (4) the brief in opposition and James E. Mercante's declaration with exhibits.

## BACKGROUND

BUS, a Virginia "resident," is an organization for boating enthusiasts. (Notice of Removal at 2; Mercante Decl., Ex. 2, Towing–Service Contract ("Contr.").) BUS provided Auerbach—a New Jersey resident, BUS member, and twenty-foot-motor-boat owner—with "Tow Boat U.S. Service," which entitled him to

on-the-water assistance; commercial towing of your disabled boat from the point of breakdown at sea to your port of choice; battery jump starts or fuel delivery at sea; [and] ungrounding assistance for a soft grounding.

(*Id.;* Compl. at 1.) This service, however, did not apply to "salvage, including hard groundings." (Contr.) BUS licensed private towing companies—including MTS, a New Jersey resident—to serve its members. (*Id.;* Mercante Decl., Ex. 1, Schneider Decl.; Notice of Removal at 2.)

Auerbach brought this action to recover damages for breach of contract and negligent provision of towing services against MTS and BUS in New Jersey Superior Court, Monmouth County. (Pl. Br. at 2; Compl.) He alleges that (1) on August 2, 2002, he requested a tow for his disabled boat in Sandy Hook Bay, but MTS refused to tow it unless he paid a salvage fee; (2) on August 3, he again requested a tow, MTS sent an inadequate boat, and MTS did not return with a different boat; (3) on August 4, he again requested a tow "to no avail;" and (4) soon thereafter, the boat "was destroyed and became a 'total loss.' " (*Id.* at 2.) He seeks to recover damages in the amount of $9,500. (*Id.* at 3.)

MTS and BUS removed the action to this Court under Sections 1441(a) and 1333. They alleged that jurisdiction

is conferred on this Court by [Section] 1333, which provides that the district courts shall have original jurisdiction of any civil case of admiralty or maritime jurisdiction. [Auerbach's] allegations comprise a maritime claim within the admiralty jurisdiction of this Court. Further Defendants are entitled to exoneration from or limitation of liability pursuant to [the Limitation of Vessel Owner's Liability Act ("LOVOLA"),] 46 U.S.C. § 181 *et seq.* with regard to [his] claims.

(Notice of Removal at 2.)

Auerbach moves to remand the action. He argues that (1) MTS and BUS fail to specify the applicable section of LOVOLA, (2) in any event, LOVOLA applies to shipping and carriage of goods by sea, which is not involved here, and (3) he is entitled to bring and keep an admiralty action in state court under the saving-to suitors clause contained in Section 1333(1). (Pl. Br. at 1–3.) He also moves to recover costs and expenses, arguing that MTS and BUS "sought removal as an unfair litigation tactic in a small case." (*Id.* at 4.)

MTS and BUS oppose the motion, arguing that (1) the boat required salvage service, (2) salvage matters are within the exclusive jurisdiction of federal courts and, thus, not subject to the saving-to-suitors clause, and (3) Auerbach is not entitled to recover costs and expenses. (Def. Br. at 2–4.) MTS and BUS fail to address the applicability of LOVOLA in their brief.

## DISCUSSION

### I. Section 1333(1)

The motion to remand, as it involves the removal of an admiralty action, "presents several thorny procedural and jurisdictional questions." *Dao v. Knightsbridge Int'l Reins. Corp.,* 15 F.Supp.2d 567, 568 (D.N.J.1998). Here, MTS and BUS seek removal under Section 1441(a):

Except as otherwise expressly provided by Act of Congress, any civil action

brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the ... defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

But this must be read in conjunction with Section 1441(b):

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such ˙ action is brought.

 The relevant statute providing jurisdiction over admiralty actions states:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of ... [a]ny civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled.*

28 U.S.C. § 1333(1) (emphasis added). The "plain meaning of this language is by no means an intuitive matter." *In re Chimenti,* 79 F.3d 534, 537 (6th Cir.1996) (discussing Section 1333(1)). The emphasized language, known as the saving-to-suitors clause, has the following effect on the removability of an admiralty action:

Admiralty excepts a class of cases from the general rule that cases which could originally have been filed in federal court are removable to federal court at the option of the defendant. Common law maritime cases filed in state court are not removable to federal court, due to [the] "saving to suitors" clause. Dat-

ing back to the Judiciary Act of 1789, this clause preserves a plaintiff's right to a state court forum in cases arising under the common law of the sea.

*Pierpoint v. Barnes,* 94 F.3d 813, 816 (2d Cir.1996); *accord Super. Fish Co. v. Royal Globe Ins. Co.,* 521 F.Supp. 437, 441 (E.D.Pa.1981). Thus, an admiralty claim does not arise under the federal constitution, treaties, or laws, and cannot be removed freely to federal court under Section 1441. *Romero v. Int'l Term. Operating Co.,* 358 U.S. 354, 371–72, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959); *U.S. Express Lines v. Higgins,* 281 F.3d 383, 390 (3d Cir.2002). It is "the unquestioned aim" of the saving-to-suitors clause to preserve the concurrent jurisdiction of state courts in admiralty actions. *Romero,* 358 U.S. at 372, 79 S.Ct. 468.

 A state court's concurrent jurisdiction over an admiralty action, however, is limited. A state-court plaintiff—the "suitor"—can be "saved" from removal only in an in personam admiralty action. An in personam action lists a person or an association as the defendant and seeks to adjudicate the interests of specific parties only. *Lewis v. Lewis & Clark Marine,* 531 U.S. 438, 445–46, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001); *Madruga v. Super. Ct.,* 346 U.S. 556, 560–61, 74 S.Ct. 298, 98 L.Ed. 290 (1954); *Linton v. Great Lakes Dredge & Dock Co.,* 964 F.2d 1480, 1484 n. 6 (5th Cir.1992). In contrast, an in rem proceeding is within the exclusive jurisdiction of the federal courts. An in rem proceeding treats a vessel as being the offender, names the vessel as a defendant, and seeks to adjudicate the interests of the world at large because the defendant is a res. *Madruga,* 346 U.S. at 560, 74 S.Ct. 298; *Wehr v. Pheley,* No. 99–4574, 2000 WL 236438, at *2 (N.D.Cal. Feb. 16, 2000).

■ A plaintiff also can be saved only if the action is not otherwise removable. *Means v. G & C Towing,* 623 F.Supp. 1244, 1245 (S.D.W.Va.1986) (concerning two-vessel collision); *see U.S. Express Lines,* 281 F.3d at 390 (stating admiralty action removable if independent basis for federal jurisdiction exists). For example, the saving-to-suitors clause does not bar removal if an action meets the requirements of Section 1332 and names no citizen of the state where the action is brought as a defendant. *Id.*; 28 U.S.C. § 1441(b).

■ The plaintiff may also be required to object to removal because the protection afforded by the saving-to-suitors clause may be waivable. *Compare Dao,* 15 F.Supp.2d at 571–74 (stating plaintiff waived protection by not opposing removal), *and Morris v. Princess Cruises,* 236 F.3d 1061, 1069 (9th Cir.2001) (stating jurisdiction exists where plaintiff seeks no remand, as original jurisdiction exists in first instance), *with Chimenti,* 79 F.3d at 538 (stating state-court choice "could not be disturbed"), *J. Aron & Co. v. Chown,* 894 F.Supp. 697, 699–700 (S.D.N.Y.1995) (stating state-court commencement is "irrevocable election" that "forever prevents" removal), *and Jenkins v. Moshulu Rest.,* No. 86–6211, 1986 WL 12945, at *1 (E.D.Pa. Nov. 17, 1986) (remanding action even though plaintiff did not oppose removal). This is not at issue here because Auerbach has moved to remand.

## II. Remand

The Court, for the following reasons, will grant the part of the motion seeking remand.

### A. In Personam

■ This is an in personam action because it is against two associations—MTS and BUS—and not against a vessel. *See Madruga,* 346 U.S. at 561, 74 S.Ct. 298 (affirming judgment declaring state court had jurisdiction in admiralty action; "plaintiffs' quarrel was with their co-owner, not with the ship"); *Bower v. S.S. Mut. Underwriting Ass'n,* No. 02–0669, 2003 WL 1873095, at *2 (E.D.La. Apr. 10, 2003) (granting motion to remand); *O.F. Shearer & Sons v. Decker,* 349 F.Supp. 1214, 1219 (S.D.W.Va.1972) (same). Contrary to the contentions of MTS and BUS, this action is an in personam action subject to the saving-to-suitors clause, even though it concerns the provision of towing or salvage services. *See Sebastian Tow Boat & Salvage v. Slavens,* No. 02–759, 2002 WL 32063121, at *1–2 (M.D.Fla. Oct. 15, 2002) (granting motion to remand action to recover payment for salvage of sunken vessel); *Carr v. Jetter,* 103 F.Supp.2d 1122, 1123–24 (E.D.Wis.2000) (granting motion to remand action to recover payment for salvage of grounded boat); *GW Contrs. v. Conticarriers & Terms.,* Nos. 92–697, 92–224, & 91–2678, 1992 WL 167046, at *1 (E.D.La. June 25, 1992) (noting previous remand of action for salvage bounty); *Harbor Boating Club v. Red Star Towing & Transp. Co.,* 179 F.Supp. 755, 756–57 (E.D.N.Y.1960) (granting motion to remand action to recover for pier damage caused by towing operation).

*Phillips v. Sea Tow/Sea Spill,* 276 Ga. 352, 578 S.E.2d 846 (2003)—relied on by MTS and BUS (*see* Def. Br. at 3–4)—is inapposite factually. The plaintiff therein sought a marine-salvage bounty in Georgia state court for the voluntary rescue of a boat. The *Phillips* court held that "marine salvage is a remedy that is within the federal admiralty courts' exclusive subject matter jurisdiction." *Id.* at 352, 578 S.E.2d 846. Here, there is neither a claim for a marine-salvage bounty nor a voluntary rescue. The Court also declines to follow *Phillips* to the extent that it may be

read to hold that all salvage matters are within the Court's exclusive jurisdiction.

## B. Not Otherwise Removable

MTS and BUS, as discussed *supra*, cannot remove this action based on the Court's original jurisdiction under Section 1333(1). They can attempt to rely on other removal grounds only. *See U.S. Express Lines*, 281 F.3d at 390. They have not done so in a successful fashion.

### 1. Sections 1332 and 1441(a)-(b)

■ Section 1441(a) and the second sentence of Section 1441(b) allow the removal of an action that (1) meets the requirements of Section 1332 and (2) lists no citizen of the state where the action is brought as a defendant. *See* 28 U.S.C. §§ 1332(a)(1) & 1441(a)-(b). MTS and BUS do not allege that there is such jurisdiction, and it appears that they could not do so. First, assuming that Auerbach and MTS are New Jersey citizens—as opposed to mere residents—there is no diversity of citizenship. Second, Auerbach seeks to recover $9,500, which is less than the threshold amount. Third, MTS appears to be a citizen of the state where the action was brought, *i.e.*, New Jersey.[2]

### 2. Section 1331

Section 1441(a) and the first sentence of Section 1441(b) allow the free removal of actions that meet the requirements of Section 1331. *See* 28 U.S.C. §§ 1331 & 1441(a)-(b). MTS and BUS rely on LOVOLA in the notice of removal. *See* 46 U.S.C. §§ 181–195. However, they do not specify in the notice if they rely on LOVOLA as a basis for the Court's jurisdiction

under Section 1331. They also fail to discuss LOVOLA in the brief opposing the motion. (*See* Def. Br.) Due to this silence, the Court will deem their reliance on LOVOLA as a basis for removal to be abandoned.

■ Auerbach's argument that LOVOLA applies only to shipping and carriage of goods, in any event, is incorrect. *See, e.g., Gorman v. Cerasia*, 2 F.3d 519, 523 n. 3 (3d Cir.1993) (noting LOVOLA applies to pleasure craft). But it appears that LOVOLA would not apply here because its application requires the presence of (1) an offending vessel and (2) "damage arising from a maritime accident" caused by that vessel. *Id.* at 522; *see Vatican Shrimp Co. v. Solis*, 820 F.2d 674, 677 (5th Cir.1987); *Cody v. Phil's Towing Co.*, 247 F.Supp.2d 688, 692 (W.D.Pa.2002). Auerbach does not assert that a specific offending vessel owned by either MTS or BUS caused an accident or damage to the boat while in the midst of a tow or salvage. Rather, he alleges that two individual defendants, MTS and BUS, failed to provide a service; there is no offending vessel. Thus, LOVOLA does not apply.

■ LOVOLA, even if applicable, would not allow removal of the action because its jurisdictional reach extends to that of admiralty jurisdiction under Section 1333(1) only, not Section 1331. *Three Buoys Houseboat Vacations v. Morts*, 921 F.2d 775, 779–80 (8th Cir.1990); *In re Fields*, 967 F.Supp. 969, 971 & 975 (M.D.Tenn.1997); *see Super. Fish Co.*, 521 F.Supp. at 439 n. 2, 441 n. 6 (remanding action to recover damages for shipment value; stating rule that admiralty claims do not arise under federal laws applies to

2. Assuming *arguendo* that savings-clause protection can be waived, and as admiralty claims do not arise under the federal constitution, treaties, or laws, then a removing defendant may be required to meet the requirement of Section 1441(b)'s second sentence. *See* 28 U.S.C. § 1441(b) (other actions removable if no defendant is citizen of state in which action brought). Thus, removal would be barred because MTS is a New Jersey citizen.

statutory maritime claims); *E. Steel & Metal Co. v. Hartford Fire Ins. Co.*, 376 F.Supp. 763, 767 (D.Conn.1974) (granting motion to remand, as "maritime claims, though rooted in federal law, are not within § 1331 (or § 1441), whether the pertinent federal law is statutory or ... judge-made").[3]

### III. Costs and Expenses

■ Section 1447(c) provides that an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court has broad discretion over whether to require the payment of costs and expenses. *See Mints v. Educ. Testing Service,* 99 F.3d 1253, 1260 (3d Cir.1996).

■ MTS and BUS, although not successful, provided a good-faith argument for removal. *See Wehr,* 2000 WL 236438, at *5 (granting part of motion seeking remand under savings clause, but denying part seeking costs); *GW Contrs.,* 1992 WL 167046, at *1–2 (denying motion for costs; granted previous motion to remand under savings clause). As this extended discussion suggests, these issues are replete with uncertainty and concern statutes that are complex in application. *See Schwartz v. Liberty Mut. Ins. Co.,* No. 01–2049, 2001 WL 1622209, at *7 (E.D.Pa. Dec. 18, 2001) (granting part of motion seeking remand of action removed under Section 1332, but denying part seeking costs); *Penn v. Wal–Mart Stores,* 116 F.Supp.2d 557, 570 (D.N.J.2000) (same); *Gul v. Pamrapo Sav. Bank,* 64 F.Supp.2d 370, 373 (D.N.J.1999) (same in action removed under National Labor Relations Act). Also, an award of expenses to Auerbach cannot be justified by his motion papers, which are "rather terse [and] basic," and contain an incorrect argument concerning LOVOLA's application. *Spigonardo v. K Mart Corp.,* No. 00–1067, 2000 WL 554985, at *3 (E.D.Pa. May 4, 2000) (granting part of motion seeking remand, but denying part seeking costs).

Auerbach's contention that he is entitled to an award of costs and expenses because removal was an unfair tactic in a small case is also without merit. *See Murray v. Gemplus Int'l,* No. 02–6265, 2002 WL 32107942, at *5 (E.D.Pa. Oct. 29, 2002) (denying part of motion seeking costs, even though court was "cognizant of the disparity in litigation resources between the parties"). Therefore, the Court will deny the part of the motion seeking an award of costs and expenses.

### CONCLUSION

The saving-to-suitors clause bars the removal of this admiralty action to this Court. In addition, MTS and BUS have failed to demonstrate any other basis for removal. However, Auerbach is not entitled to an award of costs and expenses under these circumstances. Thus, the Court will grant only the part of the motion seeking remand of the action to state court.

An appropriate order accompanies this memorandum opinion.

---

**3.** The Supreme Court, in cases not involving removal, has explicitly sidestepped the issue of whether LOVOLA provides an independent basis for federal jurisdiction. *See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.,* 513 U.S. 527, 543 n. 5, 115 S.Ct. 1043, 130 L.Ed.2d 1024 (1995); *Sisson v. Ruby,* 497 U.S. 358, 359 n. 1, 110 S.Ct. 2892, 111 L.Ed.2d 292 (1990).