930 So.2d 776 (2006)
George ASSIFF, Appellant,
v.
CARNIVAL CORPORATION d/b/a Carnival Cruise Lines, Appellee.
No. 3D05-1457.
District Court of Appeal of Florida, Third District.
May 24, 2006.
*777 George J.F. Werner, Clearwater, for appellant.
Donnise A. DeSouza, for appellee.
Before WELLS, CORTIÑAS, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The sole issue raised by the appellant is whether the trial court erred in dismissing his complaint, rather than transferring the action from the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida ("State Court") to the United States District Court for the Southern District of Florida in Miami ("Federal Court"). As we find no error in the trial court's ruling, we affirm.
On February 8, 2005, the plaintiff, George Assiff, filed a complaint in State Court against Carnival Corporation d/b/a Carnival Cruise Lines ("Carnival"). The plaintiff sought damages for injuries he allegedly sustained when he tripped and fell onboard a Carnival cruise ship and for injuries resulting from the ship's medical doctor's misdiagnosis. Attached to the complaint was the passenger ticket contract, which contains the following forum selection clause in Paragraph 15:
It is agreed by and between the Guest and Carnival that all disputes and matters whatsoever arising under, in connection with or incident to this Contract or the Guest's cruise, including travel to and from the vessel, shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami, or as to those lawsuits to which the Federal Courts of the United States lack subject matter jurisdiction, before a court located in Miami-Dade County, Florida, U.S.A., to the exclusion of the Courts of any other county, state or country.
In addition, the complaint alleges that the plaintiff is a resident of Pinellas County, Florida, and Carnival is a foreign corporation authorized to do business in the State of Florida, with its principal office located in Miami, Florida.
Carnival filed a motion to dismiss the complaint, arguing that the State Court *778 was the improper forum based on the forum selection clause contained in Paragraph 15 of the passenger ticket contract.[1] Following a hearing, the trial court granted the motion to dismiss without prejudice, based on the forum selection clause. This appeal follows.
The plaintiff contends that, pursuant to section 47.122, Florida Statutes (2005), the trial court was authorized to transfer the action from the State Court to the Federal Court, and therefore, the trial court erred when it dismissed the action. We conclude that the plaintiff's reliance on section 47.122 is, however, misplaced. Section 47.122 is Florida's forum non conveniens statute and the complaint in this case was dismissed based upon a forum selection clause contained in the passenger ticket contract, not forum non conveniens. Thus, section 47.122 is inapplicable.
The plaintiff also contends that the action was removable from State Court to Federal Court pursuant to 28 U.S.C. § 1441 (2005). We disagree. 28 U.S.C. § 1441 allows for the removal of a case from a state court to a federal court under specific circumstances, which we find are not present in this case. 28 U.S.C. § 1441 provides in relevant part as follows:
(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
In the instant case, 28 U.S.C. § 1441 is inapplicable for the following reasons: (1) the defendant did not seek removal; (2) the claim does not "aris[e] under the Constitution, treaties or laws of the United States," see Garcia v. Parker & Co. Worldwide, Civ.A. B-05-300, 2006 WL 197035 (S.D.Tex. Jan.23, 2006)("Maritime claims do not `arise under the Constitution, treaties, or laws of the United States' for purposes of removal jurisdiction.")(quoting Tennessee Gas Pipeline v. Houston Cas. Ins., 87 F.3d 150, 153 (5th Cir.1996)); Auerbach v. Tow Boat U.S., 303 F.Supp.2d 538, 542 (D.N.J.2004)("[A]dmiralty claim does not arise under the federal constitution, treaties, or laws, and cannot be removed freely to federal court under [28 U.S.C.] Section 1441."); and (3) there is no diversity of citizenship between the parties.
Thus, since there is no statutory mechanism to remove or transfer this matter to federal court, the trial court properly dismissed the complaint. We recognize that, as a result of the one-year statute of limitations contained in Paragraph 14(a) of the *779 passenger ticket contract, it appears that the plaintiff will be barred from filing his action in the Federal Court. Nonetheless, this alone is insufficient to warrant reversal of the trial court's order granting Carnival's motion to dismiss. See Continental Ins. Co. v. M/V Orsula, 354 F.3d 603, 608 (7th Cir.2003)("[T]he dismissal of a cause of action for improper venue . . . after the statute of limitations has run does not, on its own, constitute an abuse of discretion."); Hapaniewski v. City of Chicago Heights, 883 F.2d 576 (7th Cir.1989). Therefore, the order under review is affirmed.
Affirmed.
NOTES
[1] Carnival also argued that the action was time barred based on the one-year limitation period contained in Paragraph 14(a) of the passenger ticket contract. However, as the trial court specifically ruled that it was not deciding that issue, we do not address this argument, although Carnival also seeks affirmance arguing that the plaintiff's complaint was not timely filed in the State Court.