## THOMAS–SEA BOAT BUILDERS, INC.

### v.

## CROSS OFFSHORE CORPORATION.

### No. Civ.A. 99–3289.

United States District Court, E.D. Louisiana.

May 2, 2000.

Alexander Crighton, III, Houma, LA, for plaintiff.

David Louis Carrigee, Burke & Mayer, New Orleans, LA, for defendant.

### ORDER AND REASONS

MENTZ, District Judge.

Plaintiff, Thomas–Sea Boat Builders, Inc. (Thomas–Sea), filed a motion to remand this action to state court for lack of removal jurisdiction under 28 U.S.C. § 1441(b). For the reasons that follow, the court GRANTS the motion.

Thomas–Sea filed this suit for breach of contract in state court against Cross Offshore Corporation (Cross). Cross removed the suit to this federal court under 28 U.S.C. § 1441(b) alleging removal jurisdiction based on the presence of claims arising under the laws of the United States within the meaning of 28 U.S.C. § 1331.

The parties allegedly entered a contract for Cross to render services in connection with the launch of the M/V CROSBY STAR, a vessel constructed by Thomas–Sea. Thomas–Sea alleges that Cross failed to perform the contract in a workmanlike manner by delaying performance and damaging property, based upon which

Thomas–Sea disputed a portion of the charges demanded by Cross for its services. When the M/V CROSBY STAR was sold, Cross filed a maritime lien against the M/V CROSBY STAR for the sum of $11,179.80. Thomas–Sea had executed an indemnity agreement in favor of the purchaser of the M/V CROSBY STAR relative to future liens. In addition to the alleged breach of workmanlike performance, Thomas–Sea alleges that Cross's maritime lien is wrongful. There are no *in rem* claims in this suit, only *in personam* maritime claims.

Cross contends that Thomas Sea's claims involve a maritime contract within this court's admiralty jurisdiction, and the wrongful lien claim requires interpretation of 46 U.S.C. § 31342, the statute establishing maritime liens. Cross also contends that removal is warranted because § 31342 preempts state law.

■ An action brought in state court may be removed to federal court § 1441(b) and (c) if it is a civil action of which the district courts have original jurisdiction under § 1331 "founded on a claim or right arising under the Constitution, treaties, or laws of the United States." § 1441(b). General maritime claims do not arise under the Constitution, treaties, or laws of the United States for purposes of removal jurisdiction. Under the savings to suitors clause of 28 U.S.C. § 1333(1),[1] the state courts share concurrent jurisdiction with federal courts over *in personam* maritime claims. *Madruga v. Superior Court of California*, 346 U.S. 556, 560–61, 74 S.Ct. 298, 300–01, 98 L.Ed. 290 (1954). Therefore, an admiralty action filed in state court under the savings to suitors clause is not removable solely because as an admiralty action it could have been filed initially in federal court. *Romero v. International Terminal Operating Co.*, 358 U.S. 354,

371–72, 79 S.Ct. 468, 479–80, 3 L.Ed.2d 368 (1959).

Removal of a maritime action brought in state court under the savings to suitors clause is nevertheless possible if there exists some independent basis for federal jurisdiction, such as complete diversity of citizenship or another independent ground of federal question jurisdiction exists. *See Tennessee Gas Pipeline v. Houston Casualty Ins. Co.*, 87 F.3d 150, 153 (5th Cir. 1996); *In re Dutile*, 935 F.2d 61, 64 (5th Cir.1991).

■ There is no diversity of citizenship in this case. The fact that federal maritime lien law applies to the wrongful lien claim does not enable removal in this case. "[F]ederal question removal jurisdiction under section 1441(b) and (c) has only a limited role even in admiralty statutory claims filed in state court.... Even admiralty statutory causes of action are held non-removable within the *Romero* rule because they are intended to codify admiralty claims. Only a federal statute that creates a non-maritime claim will be held removable." Schoenbaum, 1 Admiralty and Maritime Law § 4–3 at 138–39 (2d ed.1994). *See also Vicknair*, No. Civ. A. 98–1035, 1998 WL 290207 at *2 n. 3 (E.D. La. June 2, 1998). For example, an admiralty claim removed under the Federal Sovereign Immunities Act may be retained by the federal court despite the savings to suitors clause, *see Williams v. M/V SONORA*, 985 F.2d 808 (5th Cir.1993); whereas, claims brought under the Admiralty Extension Act, 46 U.S.C.App. § 740, are not removable because the Act does not create a non-maritime federal cause of action, *see e.g., Benjamin v. Natural Gas Pipeline Co.*, 793 F.Supp. 729 (S.D.Tex.1992). Even in *in rem* action against a vessel of which the federal court has exclusive jurisdiction, 28 U.S.C. § 1333(1), removal is improper. *See Dutile*, 935 F.2d at 63 n. 2. Section

1. Section 1333(1) provides:
   The district courts shall have original jurisdiction, exclusive of the courts of the State of:

   (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

31342 establishes maritime liens and does not create an independent, non-maritime basis for federal question jurisdiction.

■ The United States Code, title 46, section 31307 provides that federal maritime lien law "supersedes any State statute conferring a lien on a vessel to the extent the statute establishes a claim to be enforced by a civil action in rem against the vessel for necessaries." Pretermitting the fact that there is no in rem claim in this lawsuit, the law is well-established that preemption of an area of state law is an insufficient basis for removal jurisdiction. "[F]ederal preemption is generally a defensive issue that does not authorize removal of a case to federal court." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1165 (5th Cir.1988). A narrow exception to this rule creates federal question jurisdiction where there is manifest congressional intent to make the preempted state claim removable. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157 (5th Cir.1989), *cert. denied*, 493 U.S. 1074, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1990); *Willy*, 855 F.2d at 1165. Regardless of the fact that under § 31307 federal maritime lien law preempts state *in rem* actions, there is no removal jurisdiction in this case via the wrongful lien claim, because Congress has not clearly manifested an intent to make such claims removable to federal court.

In view of the foregoing discussion, the court finds no authority for removal jurisdiction, and the case must be remanded.

Accordingly,

IT IS ORDERED that the motion of plaintiff Thomas–Sea Boat Builders, Inc. to remand is **GRANTED**, remanding this action to the 32nd Judicial District Court for the Parish of Terrebonne, Louisiana, costs and expenses to be borne by defendant, Cross Offshore Corporation.