United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 30, 2007**

Charles R. Fulbruge III
Clerk

REVISED FEBRUARY 15, 2007
IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-20893

IN RE HOT-HED INC.,

Plaintiff - Petitioner

Petition for Writ of Mandamus from the United States District
Court for the Southern District of Texas
(No. 4:06-CV-01509)

Before SMITH, WIENER, & OWEN Circuit Judges.

PER CURIAM:

Petitioner Hot-Hed Inc. ("Hot-Hed") requests a writ of mandamus (1) vacating the district court's order denying Hot-Hed's motion for remand to state court for lack of federal jurisdiction, and (2) ordering the district court to remand to state court. As we hold that Hot-Hed's request for attorneys' fees in its complaint in state court does not have the legal effect of presenting a federal question, we grant the petition in part, vacating the order of the district court to the extent that it found the existence of federal question jurisdiction and remanding to the district court with instructions to address whether diversity jurisdiction exists.

## I. PRIOR PROCEEDINGS

In May 2006, Hot-Hed filed a complaint against Safe House Habitats, Ltd. ("SafeHouse") in the 215th Judicial District Court of Harris County, Texas, asserting claims of trademark dilution under the Texas Business and Commerce Code, trademark infringement under Texas common law, and unfair competition under Texas common law. Hot-Hed sought the following relief: (1) a temporary restraining order and injunction; (2) recovery of actual, compensatory, and statutory damages, or any one or more such remedies, as allowed by law; (3) recovery of attorneys' fees and costs as allowed by law; (4) pre-judgment and post-judgment interest as allowed by law; and (5) such other relief to which it might be justly entitled.

The next day, SafeHouse removed this case to the district court, contending that removal was proper because (1) Hot-Hed's request for attorneys' fees made its trademark claims present a federal question, but not a state cause of action because attorneys' fees are not available for such claims under Texas law, and (2) diversity jurisdiction existed. Hot-Hed moved to remand the action to state court, asserting that attorneys' fees were authorized under Texas law and that the amount in controversy did not exceed the minimum $75,000 required for diversity jurisdiction. SafeHouse opposed the motion.

In October 2006, the district court denied the motion to remand. The court rejected Hot-Hed's contention that attorneys'

2

fees were authorized by Texas law, ruling instead that Hot-Hed's request for attorneys' fees was authorized, if at all, only by federal law. Citing Medina v. Ramsey Steel, in which we held that a plaintiff's request for liquidated damages and back pay under the Age Discrimination in Employment Act ("ADEA") presented a federal question,[1] the district court concluded that the demand for attorneys' fees presented a federal question; it therefore declined to consider whether diversity jurisdiction existed as well.

Hot-Hed petitioned this court for a writ of mandamus.

## II. ANALYSIS

"The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."[2] In this case, a writ is an appropriate means by which we may review the denial of the motion to remand: "When the writ of mandamus is sought from an appellate court to confine a trial court to a lawful exercise of its prescribed authority, the court should issue the writ almost as a matter of course."[3]

The denial of a motion to remand an action removed from the state courts to the federal courts is a question of law, which we

---

[1] 238 F.3d 674, 680 (5th Cir. 2001).

[2] 28 U.S.C. § 1651(a).

[3] In re Reyes, 814 F.2d 168, 170 (5th Cir. 1987) (quoting Schlazenhauf v. Holder, 379 U.S. 104 (1964)).

3

review de novo.[4]  Under 28 U.S.C. § 1441(b), a defendant may remove to the federal courts "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States,"[5] i.e., those actions presenting a federal question.  The defendant bears the burden of demonstrating that a federal question exists.[6]  A federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law."[7]

As "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns . . . ."[8]  The removal statute is therefore to be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[9]  Applying these principles to the facts of this case, we conclude that it does not present a federal question.

---

[4]    Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995).

[5]    28 U.S.C. § 1441(b).

[6]    Carpenter, 44 F.3d at 365.

[7]    Id. at 366 (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 12 (1983)).

[8]    Id. at 365-66 (citations omitted).

[9]    Id. at 366; Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

First, it is far from clear that Hot-Hed's request for attorneys' fees "as allowed by law" was not authorized under Texas law. In <u>Horseshoe Bay Resort Sales Co. v. Lake Lyndon B. Johnson Improvement Corp.</u>,[10] the Texas Court of Appeals found that a plaintiff could recover attorneys' fees for common law trademark infringement and dilution under the Texas Declaratory Judgments Act,[11] which permits recovery of "reasonable and necessary fees as are equitable and just."[12] The court so held even though the action was brought under the Texas Anti-Dilution Statute rather than the Declaratory Judgments Act.

Here, Hot-Hed did not explicitly seek declaratory relief or cite the Declaratory Judgments Act in its complaint. Based on this lacuna, the district court found that Hot-Hed had not presented a state law statutory basis for attorneys' fees. To require Hot-Hed expressly to identify a statutory basis for attorneys' fees in its complaint, however, would conflict with the Texas courts' liberal treatment of pleadings seeking attorneys' fees. In <u>Bullock v. Regular Veterans Association of U.S. Post No. 76</u>,[13] for example, the defendant appealed the trial court's award of attorneys' fees, because the plaintiff had not alleged the statutory authority for

_____

[10]    53 S.W.3d 799 (Tex. App. 2001).

[11]    <u>Id.</u> at 813.

[12]    Tex. Civ. Prac. & Rem. Code § 37.009.

[13]    806 S.W.2d 311 (Tex. App. 1991).

5

such an award. The state appellate court rejected the defendant's challenge to the award, holding that the "general allegation [seeking attorneys' fees] has put the [defendant] on notice that [the plaintiff] was seeking attorneys' fees . . . ."[14] The court went on to conclude that the court was authorized to award attorneys' fees under Section 37.009 of the Declaratory Judgments Act even though no allegation referred to that section.[15] There is therefore at least room to doubt that Hot-Hed's prayer for attorneys' fees was not authorized under state law.

Even assuming arguendo, however, that Hot-Hed failed properly to allege a basis for attorneys' fees under state law, such a failure would not require that the claim be read as a request for relief available under federal law. The Lanham Act, relied on by the district court to bootstrap a federal question through a virtually standard plea for attorneys' fees, permits recovery of reasonable attorneys' fees in "exceptional cases" only.[16] Obviously, Hot-Hed never stated that it was seeking attorneys' fees under the Lanham Act, as it took care to plead only state law

---

[14]    Id. at 315.

[15]    Of course, Bullock involved an action explicitly seeking a declaratory judgment. This request, however, does not appear to have been determinative. Additionally, the complaint here contained a catch-all request for such other relief as to which it might justly be entitled. Under this request, the court could have issued a declaratory judgment.

[16]    15 U.S.C. § 1117(a).

6

causes of action. Neither did Hot-Hed specifically allege that this case presented the sort of "exceptional" conduct required to warrant attorneys' fees under the Lanham Act. As multiple courts have clarified, removal of a trademark infringement action is improper "when a plaintiff does not clearly state he is seeking relief under the Lanham Act."[17] It is at least incongruous to hold, as did the district court, that Hot-Hed's plea for attorneys' fees "as allowed by law" —— an allegation that fails to identify any statutory basis for attorneys' fees, either state or federal —— impliedly rests on the Lanham Act, which was not cited, while holding that the plea does not impliedly rest on the Declaratory Judgments Act because Hot-Hed failed to cite it.

As any doubt about the propriety of removal must be resolved in favor of remand, we cannot say that Hot-Hed's request for "attorneys' fees as allowed by law" is authorized only by federal law. To decide otherwise under these facts would be the ultimate "gotcha."

Second, even if we were to determine that Hot-Hed pleaded relief that is available only under federal law, we would hold that such a boiler-plate request for attorneys' fees "as allowed by law"

---

[17] <u>Johnson v. Tuff-N-Rumble Mgmt., Inc.</u>, 2002 WL 31819167, at *5 (E.D. La. Dec. 13, 2002); <u>see also</u> <u>Vitarroz Corp. v. Borden, Inc.</u>, 644 F.2d 960, 964 (2d Cir. 1981); <u>La Chemise Lacoste v. Alligator Co.</u>, 506 F.2d 339, 346 n.9 (3d Cir. 1974) (collecting cases in which federal courts have been unwilling to find a federal question by implication).

is insufficient to confer subject-matter jurisdiction on the federal courts. We agree with the Ninth Circuit's holding in Carter v. Health Net of California, Inc. that "[a] request for attorney's fees cannot be a basis for federal jurisdiction."[18] A contrary holding would allow the proverbial tail to wag the dog.

Our decision in Medina v. Ramsey Steel Co.,[19] relied on by the district court in its holding, does not require an opposite result. In Medina, the plaintiff filed his original complaint in state court in November 1994, alleging discriminatory non-promotion and retaliatory discharge under the Texas Labor Code. The defendant removed the action to federal district court, claiming that it was preempted by the ADEA. The district court remanded the case to the state court in February 1995. There, the case sat idle until May 1999, when it was finally set for trial. At that time — almost five years after the case had been filed — the plaintiff amended his complaint to assert a claim for back pay and liquidated damages. The defendant again removed the case to federal court and Medina again moved to remand. The district court denied the motion.[20]

On appeal, we affirmed the denial of remand, stating:

---

[18]    374 F.3d 830, 834 (9th Cir. 2004).

[19]    238 F.3d 674 (5th Cir. 2001).

[20]    Id. at 679.

8

Medina's amended pleadings seek back pay and liquidated damages as provided under the ADEA. Texas law caps lost earnings at two years and does not provide for the award of liquidated damages. From the face of Medina's well-pleaded complaint, it is clear that Medina is not proceeding on the exclusive basis of state law. Instead, the damages he seeks are authorized only by federal law. Therefore, the district court's denial of Medina's motion to remand was appropriate.[21]

Although <u>Medina</u> supports SafeHouse's argument that a request for some particular type of relief <u>may</u> present a federal question, <u>Medina</u> is distinguishable from the instant case. In <u>Medina</u>, the plaintiff sought back pay and liquidated damages under the ADEA — substantive relief under a specified federal statute intended to redress directly the wrong allegedly committed by the defendant. In contrast, the collateral relief at issue here — attorneys' fees — is not intended to remedy injury caused by the alleged offense, but is instead an incidental cost of litigation not identified in the complaint as relief available under the Lanham Act or any other named federal statute. As such, whether Hot-Hed is entitled to attorneys' fees does not raise a "substantial, disputed question" about <u>an essential element of a federal right</u>, as required for an issue to present a federal question.[22]

Finally, SafeHouse asserts in this court an argument not presented to the district court, <u>viz</u>, that in addition to Hot-Hed's

---

[21]   <u>Id.</u> at 680 (internal citations omitted).

[22]   <u>Id.</u> (federal right must be "essential element" of cause of action); <u>Carpenter</u>, 44 F.3d at 366.

9

request for attorneys' fees, Hot-Hed's substantive counts also present a federal question. SafeHouse argues that "Hot-Hed has set forth two independent causes of action for trademark infringement–one necessarily being under the Lanham Act." In essence, SafeHouse is contending that Hot-Hed cannot allege separate, independent claims for trademark infringement and unfair competition under Texas law. This argument, appropriately described by Hot-Hed as convoluted, is plainly without merit. Although trademark infringement actions fall within the larger umbrella of unfair competition,[23] a defendant "may be liable for unfairly competing without having technically infringed a trademark" and intentional trademark infringement "should be alleged as additional counts [of] unfair competition."[24] SafeHouse has cited no cases standing for the proposition that a plaintiff may not allege both trademark infringement and unfair competition under Texas common law; indeed, numerous Texas cases involve allegations of both trademark infringement and unfair competition.[25] Even if we were to address this argument that SafeHouse raises for the first time in this court, we would reject it as unavailing.

---

[23] <u>Derrick Mfg. Corp. v. S.W. Wire Cloth, Inc.</u>, 934 F. Supp. 796, 805 n.13 (S.D. Tex. 1996).

[24] 13 William V. Dorsaneo III, Texas Litigation Guide §§ 200.24[2][c], 200.110[2][c] (2000).

[25] <u>See generally</u> <u>John Paul Mitchell Sys. v. Randalls Food Mkts.</u>, 17 S.W.3d 721 (Tex. App. 2000).

## III. CONCLUSION

As we hold that this case does not present a federal question, we grant Hot-Hed's petition for a writ of mandamus in part and VACATE the district court's order denying the motion to remand by finding federal question jurisdiction.  We  REMAND to the district court, however, for it to address whether SafeHouse has met its burden of demonstrating that diversity jurisdiction exists. WRIT GRANTED.