IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 9, 2010

Lyle W. Cayce
Clerk

No. 09-31060
Summary Calendar

STEPHEN J. HALMEKANGAS

      Plaintiff

v.

STATE FARM FIRE AND CASUALTY COMPANY

      Defendant

-------------------------------------------------------------------------------------

STEPHEN J. HALMEKANGAS,

      Plaintiff - Appellant

v.

ANPAC LOUISIANA INSURANCE COMPANY; STEPHEN MARSHALL
HARELSON; AMERICAN NATIONAL PROPERTY & CASUALTY COMPANY,

      Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.
PATRICK E. HIGGINBOTHAM:

     Stephen Halmekangas sued ANPAC Louisiana Insurance Company and
its agent Stephen Harelson in Louisiana state court. All parties were Louisiana

domiciliaries, and no federal question was presented. Facing the hurdle that the district court would not have had original jurisdiction had the suit been first filed there, defendants removed to federal court, asserting supplemental jurisdiction under 28 U.S.C. § 1367(a) – on the idea that the state case related to an action pending in federal court. The federal district court denied Halmekangas's efforts to remand and granted summary judgment to ANPAC and Harelson. Halmekangas appealed. Because there was no authority to remove the ANPAC action, we vacate the summary judgment and remand to the district court with instructions to remand the ANPAC suit to the originating Louisiana state court.

## I.

Stephen Halmekangas lived in a three-story, 5,400-square-foot home in New Orleans. Hurricane Katrina flooded his first floor; five days later, a fire burned the house to the ground.

Seeking to recover from his homeowner's policy – written by ANPAC – Halmekangas learned he was underinsured. ANPAC's agent, Stephen Harelson, had covered the house as a two-floor, 3,400-square-foot dwelling. ANPAC paid policy limits, $346,700 for the top two floors. Halmekangas sued ANPAC and Harelson in Louisiana state court, urging two claims: (1) "Harelson and/or ANPAC were negligent in not properly issuing the policy providing coverage for the entire structure of 5,400 sq. ft."; and (2) "Plaintiff relied to his detriment upon the representations" of Harelson advising that he was fully covered. The parties agree that there was no federal question or diversity jurisdiction.

A month after filing the state action, Halmekangas sued State Farm, his flood insurer, in federal district court, asserting federal question jurisdiction

under the National Flood Insurance Program.[1] He claimed that State Farm had arbitrarily and capriciously paid out only $83,399.57 for the flood in his 2,000-square-foot ground floor, well under the coverage limit.

When ANPAC learned of the federal suit, it removed to federal court, asserting jurisdiction supplemental to the State Farm case under 28 U.S.C. § 1367. Halmekangas protested, arguing in part that the state action against ANPAC did not arise from the same nucleus of common fact as the State Farm action. The federal district court disagreed, explaining: "the object of the litigation in the two matters was the same: Plaintiff's home."[2] The damages alleged in the two suits comprised the common nucleus of operative fact. The parties and the district court glided past the predicate question of Congressionally conferred power to remove.

The cases progressed together in the Eastern District of Louisiana. The court granted ANPAC's summary judgment motion, Halmekangas and State Farm settled out of court, and Halmekangas appealed the adverse summary judgment. He now moves for dismissal – arguing that the district court never had subject-matter jurisdiction to hear the ANPAC litigation. Indeed, it did not.

## II.

"There should be little need for a reminder that federal courts are courts

---

[1] See 42 U.S.C. § 4053 (granting "original exclusive jurisdiction" in National Flood Insurance Program adjustment cases to the "United States district court for the district in which the insured property . . . shall have been situated"); see also Borden v. Allstate Ins. Co., 589 F.3d 168, 172 (5th Cir. 2009).

[2] See Perret v. Am. Nat'l Prop. & Cas., Nos. 06-4618 and 06-6867, 2006 WL 3412267, at *2, 2006 U.S. Dist. LEXIS 85760, at *6 (E.D. La. Nov. 27, 2006).

of limited jurisdiction, having 'only the authority endowed by the Constitution and that conferred by Congress.'"[3] In an effort to establish jurisdiction, ANPAC points to two Congressional grants – 28 U.S.C. §§ 1367 & 1441.[4]

We begin by rehearsing how these two statutes work in isolation, then describe how they can operate in tandem, and conclude by explaining why they do not in this case confer subject-matter jurisdiction. Section 1367 allows federal courts to hear state claims that travel with federal claims in the same lawsuit. "It grants supplemental jurisdiction over [state] claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy.'"[5] "The question under section 1367(a) is whether the supplemental claims are so related to the original claims . . . that

---

[3] Epps v. Bexar-Medina-Atascosa Counties Water Improvement Dist. No. 1, 665 F.2d 594, 595 (5th Cir. 1982) (quoting Save The Bay, Inc. v. United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981)).

[4] Section 1367(a) provides in relevant part:

[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Section 1441(a) provides in relevant part:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

[5] State Nat'l Ins. Co. v. Yates, 391 F.3d 577, 579 (5th Cir. 2004).

they 'derive from a common nucleus of operative fact.'"[6]

While § 1367 permits a federal court to regard state claims outside of its ken, § 1441 allows parties to pull federal cases out of state court. "A [federal] district court has removal jurisdiction in any case where it has original jurisdiction."[7] "Original jurisdiction, in non-maritime claims, lies where the conditions of 28 U.S.C. §§ 1331 [federal question] or 1332 [diversity] are satisfied."[8] If a plaintiff files suit in state court and asserts a federal cause of action or sues completely diverse defendants, the defendants might invoke § 1441 to remove the case to federal court.

With the right ingredients, § 1367 and § 1441 can combine to bring into federal court a state claim originally filed in state court. Indeed, if a plaintiff files suit in state court alleging both federal and state claims arising out of the same controversy, the entire action may be removed to federal court.[9] Suppose a young professor asserts that the public university for which she works has wrongfully denied her tenure. She sues in state court, alleging 42 U.S.C. § 1983 violations alongside state breach of contract claims. The university can remove

---

[6] Mendoza v. Murphy, 532 F.3d 342, 346 (5th Cir. 2008) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966)).

[7] Gutierrez v. Flores, 543 F.3d 248, 251 (5th Cir. 2008) (citing 28 U.S.C. § 1441(a)).

[8] Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir. 1995). Section 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Section 1332(a) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between – (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States."

[9] See City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 164–65 (1997).

the whole case to federal court.[10]

Although this permitted removal of state and federal claims is simultaneous, it is useful to view it in steps: first, a party will use § 1441 to remove the civil action over which federal courts have original jurisdiction; and second, the party will invoke § 1367 to allow the state claims to piggyback the federal claims. In our rebuffed professor's example, the federal question presented under § 1983 provides the necessary original jurisdiction to remove, and the common nucleus shared by the federal and state claims allows the district court to exercise supplemental jurisdiction over the contract claims. Sections 1367 and 1441 are bound together because the professor filed the federal and state claims in a single civil action.

Where, as here, the plaintiff files an action in state court with no federal question or complete diversity, the original jurisdiction necessary for removal under § 1441 does not exist. Congress specified that federal courts have removal jurisdiction under § 1441 only if the district court otherwise has "original jurisdiction" over the "civil action."[11] No federal court had original jurisdiction over the ANPAC action, and § 1367, by its own terms, cannot fill the void. Section 1367 grants "supplemental jurisdiction" over state claims, not original jurisdiction.[12] Without original jurisdiction, ANPAC has no jurisdictional hook for removal. Section 1441(e)(1) in providing removal in the narrow

---

[10] See Whiting v. Univ. of S. Miss., 451 F.3d 339, 342–43 (5th Cir. 2006).

[11] See 28 U.S.C. § 1441(a); see also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 34 (2002) ("Section 1441 requires that a federal court have original jurisdiction over an action in order for it to be removed from a state court."); Martin v. Hunter's Lessee, 14 U.S. (1 Wheat.) 304, 349 (1816) ("The power of removal . . . presupposes an exercise of original jurisdiction to have attached elsewhere.").

[12] See 28 U.S.C. § 1367(a).

circumstances of that statute which are inapplicable here (single accident with 75 deaths of natural persons) accents this principle.

This is so even if we assume that the district court would have had supplemental jurisdiction over ANPAC had Halmekangas filed a single lawsuit in federal court asserting claims against both State Farm and ANPAC.[13] Because the state-filed suit could not meet the demands of original jurisdiction, § 1441 did not allow for removal. The district court should have remanded to state court.[14]

Our holding is both axiomatic[15] and in line with the Sixth and Eighth Circuits. The Sixth has explained:

> The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on the

---

[13] Which we do not decide.

[14] See Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir. 1995) ("No federal cause of action [was] asserted, and it is plain that removal jurisdiction under 28 U.S.C. § 1441 simply did not exist. The district court had no jurisdiction over the subject matter of the complaint, and the action should have been immediately remanded to state court.").

[15] See 14B CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 3722 (4th ed. 2009) ("It should be noted that a defendant may not base a Section 1441(a) removal on the supplemental jurisdiction statute, 28 U.S.C.A. § 1367. That is, supplemental jurisdiction under Section 1367 is not a source of subject-matter jurisdiction for federal question purposes. Defendants sometimes will assert that a pending federal action that shares a common nucleus of operative fact with the state lawsuit that defendants seek to remove can furnish an anchor claim under Section 1367(a), and thus enable removal of a separate suit under Sections 1441(a) and (b). This is a misreading of Section 1367, which authorizes supplemental jurisdiction over claims that are within the same civil action as a federal question claim (or over claims that are within the same civil action as a claim satisfying 28 U.S.C.A. § 1332, the statute conferring diversity jurisdiction), and those claims alone." (footnote omitted)); 16 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 107.14 (3d ed.) ("The supplemental jurisdiction statute is not itself a source of original jurisdiction and therefore is not a proper basis for removal." (footnotes omitted)).

supplemental-jurisdiction statute, even if the action which a defendant seeks to remove is related to another action over which the federal district court already has subject-matter jurisdiction, and even if removal would be efficient.[16]

And the Eighth has admonished:

Section 1367(a) does not mention removal at all. . . . While this statute does allow factually related state law claims to be joined with the claim over which the federal district court has original jurisdiction, it plainly does not provide a separate basis for removal of independent state law actions. . . . [It] is not original jurisdiction . . . .[17]

### III.

"[E]very federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review . . . ."[18] Supplemental jurisdiction on its own does not give federal courts the power to remove a state case that does not arise from a federal question or

---

[16] Ahearn v. Charter Twp. of Bloomfield, 100 F.3d 451, 456 (6th Cir. 1996) (citations omitted).

[17] Motion Control Corp. v. SICK, Inc., 354 F.3d 702, 705–06 (8th Cir. 2003) (citations omitted).

[18] Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) (citation and quotation marks omitted). Contrary to ANPAC's assertion, Halmekangas urges a jurisdictional – not procedural or statutory – defect. "[A] procedural defect is any defect that does not go to the question of whether the case originally could have been brought in federal district court." Williams v. AC Spark Plugs Div. of Gen'l Motors Corp., 985 F.2d 783, 787 (5th Cir. 1993) (citations, quotation marks, and alterations omitted). Where, as here, "there is improper removal," we must ask "whether the removed action could have been filed originally in federal court." In re 1994 Exxon Chem. Fire, 558 F.3d 378, 395 (5th Cir. 2009). If the answer is no, then the problem is jurisdictional.

offer complete diversity of citizenship.[19]  Halmekangas's action against ANPAC and Harelson never had federal subject-matter jurisdiction, so – responsive to our constitutional duty – we VACATE and REMAND to the district court with instructions to remand to Louisiana's court.[20]  Any other outstanding motion is DENIED as moot.

---

[19] See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.  Absent diversity of citizenship, federal-question jurisdiction is required." (footnote omitted)).

[20] Roark v. Humana, Inc., 307 F.3d 298, 304 (5th Cir. 2002) ("If, before final judgment, it appears the case was not properly removed because it was not within the federal courts' original jurisdiction, the district court must remand.").