**Kevin DYCHE, Plaintiff,**

v.

**US ENVIRONMENTAL SERVICES, LLC, Defendant.**

**CIVIL ACTION NO. 1:14–CV–394**

United States District Court, E.D. Texas.

Signed October 29, 2014

Filed October 30, 2014

Kurt B. Arnold, Jonathan Kyle Findley, Arnold & Itkin, LLP, Houston, TX, for Plaintiff.

Bradley Allen Waters, Adams and Reese LLP, Houston, TX, Charles A. Cerise, Jr., Adams & Reese LLP, New Orleans, LA, for Defendant.

## MEMORANDUM AND ORDER

MARCIA A. CRONE, UNITED STATES DISTRICT JUDGE

Pending before the court is Plaintiff's Motion to Remand (# 8), wherein Plaintiff Kevin Dyche ("Dyche") seeks remand of this action to the state court in which it was originally filed. Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that remand is warranted.

### I. *Background*

On Friday, September 1, 2012, Dyche was working as a seaman for OMI Environmental Solutions aboard the vessel M/V OMI 4233 when it was struck on navigable waters by another vessel, M/V INTREPID III, which is owned, operated, and maintained by Defendant U.S. Environmental Services, LLC ("USES"). Dyche claims that the collision caused him to sustain

serious bodily injuries that required him to undergo extensive medical treatment.

On October 22, 2012, Dyche filed suit in the 128th Judicial District Court of Orange County, Texas, asserting negligence and Jones Act claims against USES. According to Dyche, USES has stipulated to its liability for negligence, thus leaving only the amount of damages to be determined. On July 28, 2014, USES removed the case to federal court on the basis of admiralty jurisdiction, arguing that the court has original admiralty jurisdiction because the collision occurred on the navigable waters of the United States. On August 27, 2014, Dyche filed the instant motion to remand asserting that (1) USES's removal was untimely and (2) longstanding precedent dictates that there is no removal into admiralty absent diversity jurisdiction (which is not present here). USES responds that (1) removal was timely because its notice of removal was filed within thirty days of the date the action became removable and (2) the 2011 amendment to 28 U.S.C. § 1441 eliminated the diversity requirement for maritime claims.

## II. *Analysis*

■■■■ "'Federal courts are courts of limited jurisdiction.'" *Gunn v. Minton,* — U.S. ——, 133 S.Ct. 1059, 1064, 185 L.Ed.2d 72 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *accord Halmekangas v. State Farm Fire & Cas. Co.,* 603 F.3d 290, 292 (5th Cir.2010); *Johnson v. United States,* 460 F.3d 616, 621 n. 6 (5th Cir.2006); *McKee v. Kan. City S. Ry. Co.,* 358 F.3d 329, 337 (5th Cir.2004). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen,* 511 U.S. at 377, 114 S.Ct. 1673 (citations omitted). The court "must presume that a suit lies

outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir.), *cert. denied,* 534 U.S. 993, 122 S.Ct. 459, 151 L.Ed.2d 377 (2001) (citing *Kokkonen,* 511 U.S. at 377, 114 S.Ct. 1673); *see also Hertz Corp. v. Friend,* 559 U.S. 77, 96, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010); *Boone v. Citigroup, Inc.,* 416 F.3d 382, 388 (5th Cir.2005). When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002); *accord Daimler-Chrysler Corp. v. Cuno,* 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006); *Gutierrez v. Flores,* 543 F.3d 248, 251 (5th Cir.2008); *In re Hot–Hed Inc.,* 477 F.3d 320, 323 (5th Cir.2007); *see* 13E CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3602.1 (3d ed.2013). Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Gutierrez,* 543 F.3d at 251; *Gasch v. Hartford Accident & Indem. Co.,* 491 F.3d 278, 281–82 (5th Cir.2007); *In re Hot–Hed Inc.,* 477 F.3d at 323. In short, any "'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'" *Vantage Drilling Co. v. Hsin–Chi Su,* 741 F.3d 535, 537 (5th Cir.2014) (quoting *Acuna v. Brown & Root Inc.,* 200 F.3d 335, 339 (5th Cir.), *cert. denied,* 530 U.S. 1229, 120 S.Ct. 2658, 147 L.Ed.2d 273 (2000)).

Assuming *arguendo* that this case falls within the court's admiralty jurisdiction under 28 U.S.C. § 1333, the court is of the opinion that this action is not removable

under 28 U.S.C. § 1441. Prior to its amendment in December 2011, § 1441 provided:

> (a) *Except as otherwise expressly provided by Act of Congress*, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

> (b) Any civil action of which the district courts have original jurisdiction *founded on a claim or right arising under the Constitution, treaties or laws of the United States* shall be removable without regard to the citizenship or residence of the parties. *Any other such action* shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(emphasis added). The italicized language above served as the basis for the United States Court of Appeals for the Fifth Circuit's decision in *In re Dutile*, holding that admiralty claims filed in state court are not removable absent diversity jurisdiction. 935 F.2d 61, 62–63 (5th Cir.1991) (citing *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377–79, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959)); *see also Bridges v. Phillips 66 Co.*, No. 13–477–JJB–SCR, 2013 WL 6092803, at *3 (M.D.La. Nov. 19, 2013) ("The Fifth Circuit reasoned that because general maritime claims did not arise under the Constitution, treaties or laws of the United States, § 1441 was an Act of Congress which prevented removal of such claims alone.").

For many years, the United States Supreme Court has held that admiralty claims, although within a federal court's original jurisdiction under § 1333, are not considered to "arise under" the Constitution, treaties or laws of the United States for purposes of federal question or removal jurisdiction. *See Romero*, 358 U.S. at 378, 79 S.Ct. 468; *Tenn. Gas Pipeline v. Houston Cas. Inc.*, 87 F.3d 150, 153 (5th Cir.1996). Because maritime claims do not fall within the reference in the first sentence of § 1441(b) to cases "arising under" federal law, the Fifth Circuit concluded that they are governed by the language referring to "any other such action" in the second sentence of § 1441(b). *In re Dutile*, 935 F.2d at 62–63. The second sentence in subsection (b) bars removal of "any other such action" (including admiralty actions) unless none of the defendants is a citizen of the state in which the action is brought. *Id.* In other words, the second sentence of subsection (b) establishes the familiar "forum-defendant rule" for cases removed on the basis of diversity jurisdiction while incidentally barring removal of admiralty cases. Thus, § 1441(b) constitutes an "Act of Congress" which, under § 1441(a), serves to bar removal of a case otherwise within the original jurisdiction of a federal court. *Id.*

Following the 2011 amendment, § 1441 now reads:

> (a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

> (b) Removal based on diversity of citizenship.—

(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title [governing diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded.

(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The current version of § 1441 no longer makes a distinction between claims arising under federal law and "other such actions." "Instead, § 1441(b) now explicitly pertains only to removals based on diversity jurisdiction." *Barry v. Shell Oil Co.*, No. 13–6133, 2014 WL 775662, at *3 (E.D.La. Feb. 25, 2014). The amendment thus incorporates provisions governing diversity jurisdiction into a single subsection instead of placing them in different subsections. The legislative history suggests that the amendment was not designed to expand the removability of maritime claims, but instead "to make it easier to locate the provisions that apply uniquely to diversity removal." H.R. REP. No. 112–10, at 12 (2011); *see also Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 223 (5th Cir. 2013) (noting that the updated version of § 1441 is a clarification, as opposed to an amendment, of the original statute).

This change has also led, however, to a reexamination of the familiar notion that there is "no removal into admiralty." David W. Robertson & Michael F. Sturley, *Recent Developments in Admiralty and Maritime Law at the National Level and in the Fifth and Eleventh Circuits [Recent Developments]*, 37 TUL. MAR. L.J. 401, 407 (2013). A minority of lower courts have held that the reorganization and rewording

of § 1441 has undermined the Fifth Circuit's earlier analysis of the removability of admiralty cases filed in state court. *See, e.g., Bridges*, 2013 WL 6092803, at *4; *Wells v. Abe's Boat Rentals Inc.*, No. H–13–1112, 2013 WL 3110322, at *4 (S.D.Tex. June 18, 2013); *Ryan v. Hercules Offshore, Inc.*, 945 F.Supp.2d 772 (S.D.Tex. 2013). In these courts' view, because § 1441 no longer makes a distinction between claims arising under federal law and other such actions, admiralty cases are now freely removable under § 1441(a), which, at least facially, appears to allow removal of claims within the original jurisdiction of the federal courts. *See* 28 U.S.C. § 1333 ("The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.").

This interpretation of § 1441 has been criticized by some admiralty law scholars. *See Recent Developments*, 37 TUL. MAR. L.J. at 407 (positing that any argument that the amendments to § 1441 relax the traditional constraint on the removability of maritime cases "should be rejected" because it conflicts with established precedent); Robert Force & Martin J. Norris, 1 THE LAW OF MARITIME PERSONAL INJURIES § 1:9 (5th ed.2013). The authors of the above-cited treatise submit that the *Ryan* line of cases "may be in error" based on a misunderstanding of the saving-to-suitors clause contained in § 1333(1). 1 THE LAW OF MARITIME PERSONAL INJURIES § 1:9. (citing *Romero*, 358 U.S. at 354, 79 S.Ct. 468). The authors contend that it is the saving-to-suitors clause itself, not any language contained in § 1441, which bars removal of maritime claims filed in state court. *Id.*

Additionally, the majority of lower courts addressing this issue have declined

to follow the line of decisions spawned by *Ryan*.[1] In *Barry*, for instance, the plaintiff was injured while working on a vessel and later sued the vessel owners and operators under general maritime law in state court. 2014 WL 775662, at *1. While still in state court, the plaintiff requested a jury trial for his maritime claim. *Id.* Afterward, the defendants removed the case, arguing that § 1441 permitted removal of the plaintiff's maritime claim. *Id.* The court remanded the case, however, reasoning that because the plaintiff's claims were solely in admiralty, there was no mechanism for plaintiff to request a jury trial in federal court on his maritime claims. *Id.* at *3. As a result, the saving-to-suitors clause required remand in order to preserve the plaintiff's common-law right to a jury trial. *Id.*

In *Coronel v. AK Victory*, the court rejected the holdings of *Ryan* and its progeny but did so on slightly different grounds than *Barry*. 1 F.Supp.3d 1175, 1177–78 (W.D.Wash.2014). *Coronel* extensively discusses the history of the saving-to-suitors clause and concludes that "§ 1333 alone does not provide federal subject matter jurisdiction over maritime claims on the law side of the court." *Id.* at 1187–88. Stated differently, under the saving-to-suitors clause, § 1333 does not grant federal jurisdiction over maritime actions that are prosecuted on the law side of the admiralty docket in state court. *Id.* at 1184–85.

■ As the conflicting case law demonstrates, whether a maritime case filed in state court can be removed into admiralty is now a "a hotly contested issue in maritime law." *Butler v. RLB Contracting, Inc.*, No. 3:14–CV–112, 2014 WL 1653078, at *1 (S.D.Tex. Apr. 24, 2014). Recognizing the disagreements among courts about this issue, and mindful of the Supreme Court's directive that any " 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction,' " the court holds that it does not have removal jurisdiction over Plaintiff's claims. *Vantage*, 741 F.3d at 537 (quoting *Acuna*, 200 F.3d at 339).

■ The Fifth Circuit has not overruled its longstanding precedent that federal courts do not have admiralty jurisdiction over maritime claims filed in state court pursuant to the saving-to-suitors exception to original admiralty jurisdiction. *Barker*,

---

1. *See Bisso Marine Co., Inc. v. Techcrane Int'l LLC*, No. 14–0375, 2014 WL 4489618, at *5 (E.D.La. Sept. 10, 2014); *Riley v. Llog Exploration Co. LLC*, No. 14–437, 2014 WL 4345002, at *4 (E.D.La. Aug. 28, 2014); *Henry J. Ellender Heirs, LLC v. Exxon Mobil Corp.*, 42 F.Supp.3d 812, 819–20, 2014 WL 4231186, at *6 (E.D.La. Aug. 26, 2014); *Bartman v. Burrece*, No. 3:14–CV–0080–RRB, 2014 WL 4096226, at *4 (D.Alaska Aug. 18, 2014); *Gregoire v. Enter. Marine Servs., LLC*, No. 14–840, 38 F.Supp.3d 749, 761–62, 2014 WL 3866589, at *7 (E.D.La. Aug. 6, 2014); *Grasshopper Oysters, Inc. v. Great Lakes Dredge & Dock, LLC*, No. 14–934, 2014 WL 3796150, at *2 (E.D.La. July 29, 2014); *Cassidy v. Murray*, No. GLR–14–1204, 34 F.Supp.3d 579, 583–84, 2014 WL 3723877, at *4–5 (D.Md. July 24, 2014); *Porter v. Great Am. Ins. Co.*, No. 13–3069, 2014 WL 3385148, at *1 (W.D.La. July 9, 2014); *Figueroa v. Marine Inspection Servs.*, No. 2:14–CV–140, 28 F.Supp.3d 677, 681–82, 2014 WL 2958597, at *4 (S.D.Tex. July 1, 2014); *In re Foss Maritime Co.*, No. 5:12–CV–00021–TBR, 29 F.Supp.3d 955, 958–61, 2014 WL 2930860, at *3–5 (W.D.Ky. June 27, 2014); *Alexander v. Seago Consulting, LLC*, No. 4:14–CV–1292, 2014 WL 2960419, at *1 (S.D.Tex. June 23, 2014); *Pierce v. Parker Towing Co., Inc.*, No. 14–00073–KD–N, 25 F.Supp.3d 1372, 1382, 2014 WL 2569132, at *7 (S.D.Ala. June 9, 2014); *Gabriles v. Chevron USA, Inc.*, No. 2:14–00669, 2014 WL 2567101, at *4 (W.D.La. June 6, 2014); *Perrier v. Shell Oil Co.*, No. 14–490, 2014 WL 2155258, at *3 (E.D.La. May 22, 2014); *Rogers v. BBC Chartering Am., LLC*, No. 4:13–CV–3741, 2014 WL 819400, at *1 (S.D.Tex. Mar. 3, 2014).

713 F.3d at 222; *In re Eckstein Marine Serv., L.L.C.*, 672 F.3d 310, 315–16 (5th Cir.), *cert. denied*, —— U.S. ——, 133 S.Ct. 96, 183 L.Ed.2d 735 (2012) (holding that admiralty and maritime claims brought in state court cannot be removed in the absence of diversity unless there exists some basis for federal jurisdiction other than admiralty). Indeed, in its recent decision in *Barker*, an opinion upholding the removal of a maritime case based on the Outer Continental Shelf Lands Act ("OCSLA"), the Fifth Circuit gave no indication that its analysis of this issue has changed. *Id.* Though *Barker* was governed by the pre-amendment language of § 1441, it references the new language in § 1441 and states that "... cases invoking admiralty jurisdiction under 28 U.S.C. § 1333 *may* require complete diversity prior to removal, *Dutile*, 935 F.2d at 63, ...." *Id.* (emphasis added). The citation to *Dutile* points specifically to that decision's earlier holding that the removal of admiralty claims under § 1441(a) is barred unless there is diversity of citizenship. Although the meaning of the word "may" in this context is difficult to discern, it suggests that the Fifth Circuit's prior precedent precluding the removal of maritime claims in the absence of diversity of citizenship or an applicable federal statute such as OCS-LA may survive even after the recent amendments to § 1441. *See Ryan*, 945 F.Supp.2d at 777 (acknowledging that *Barker* implied that, even under the amended version of § 1441, "removable admiralty cases require complete diversity"). If so, *Barker* undermines calls for a reevaluation of the Fifth Circuit's position.

Thus, this court will continue to adhere to the established rule that maritime cases brought in state court are not subject to

removal due to the "saving-to-suitors" clause of § 1333 and, therefore, are not removable under § 1441(a).[2]

### III. *Conclusion*

Based on the foregoing analysis, Plaintiff's Motion to Remand (# 8) is GRANTED. An order remanding this action to the 128th Judicial District Court of Orange County, Texas, will be entered separately.

---

**2.** Because USES's suit is not removable to federal court, the court need not determine whether its notice of removal was timely filed.