**David CARNES, Plaintiff,**

v.

**FRIEDE & GOLDMAN, L.L.C., et al., Defendants.**

**CIVIL ACTION NO. 1:14–CV–668**

United States District Court, E.D. Texas.

Signed May 11, 2015

Jason Aron Itkin, Cory Daniel Itkin, Noah Michael Wexler, Arnold & Itkin, LLP, Houston, TX, for Plaintiff.

Joshua Nathaniel Bowlin, Frederic Daniel Knight, Julia R. Calnek, Chamberlain Hrdlicka White Williams & Aughtry, Houston, TX, Jeffrey Ross Bale, The Bale Law Firm, PLLC, Sugar Land, TX, Jon B. Burmeister, Moore Landrey, Beaumont, TX, for Defendants.

### MEMORANDUM AND ORDER

MARCIA A. CRONE, UNITED STATES DISTRICT JUDGE

Pending before the court is Plaintiff's Motion to Remand (# 2), wherein Plaintiff David Carnes ("Carnes") seeks remand of this action to the state court in which it was originally filed. Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that remand is warranted.

## I. *Background*

On December 3, 2012, Carnes was working aboard the NOBLE REGINA ALLEN in the Jurong Shipyard in Singapore, when

the vessel partially capsized. Carnes claims that he suffered serious injuries in the incident. As a result, he filed suit in the 60th Judicial District Court of Jefferson County, Texas, on January 30, 2014, asserting general maritime negligence claims against Defendants Noble Drilling Corporation, Noble Drilling Exploration Company, Noble Drilling International, Inc., Noble Drilling Services, Inc., Friede & Goldman, L.L.C. ("F & G"), Friede Goldman Offshore, Inc., FG Engineering, Ltd., Friede Goldman Halter, Inc., Sembcorp Marine, Ltd., and Jurong Shipyard Pte Ltd.

On December 16, 2014, within thirty days after being served with Carnes's Second Amended Petition, F & G removed the case pursuant to 28 U.S.C. § 1441(a) "because [the claims] arise in [the court's] original Admiralty jurisdiction, as granted to it by 28 U.S.C. § 1333(1) . . ., [and] [i]n cases where original jurisdiction exists, complete diversity of the parties is no longer mandated by the Federal Removal Statute in 28 U.S.C. § 1441(b) due to recent amendments by Congress." In response, Carnes filed the instant motion to remand, arguing that maritime cases filed pursuant to the saving-to-suitors clause cannot be removed absent a federal question or diversity jurisdiction (which is not present here).

II. *Analysis*

 " 'Federal courts are courts of limited jurisdiction.' " *Gunn v. Minton,* —— U.S. ——, ——, 133 S.Ct. 1059, 1064, 185 L.Ed.2d 72 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)); *accord Scarlott v. Nissan N. Am., Inc.,* 771 F.3d 883, 887 (5th Cir.2014); *Halmekangas v. State Farm Fire & Cas. Co.,* 603 F.3d 290, 292 (5th Cir.2010). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokko-*

*nen,* 511 U.S. at 377, 114 S.Ct. 1673 (citations omitted). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir.), *cert. denied,* 534 U.S. 993, 122 S.Ct. 459, 151 L.Ed.2d 377 (2001) (citing *Kokkonen,* 511 U.S. at 377, 114 S.Ct. 1673); *see also Hertz Corp. v. Friend,* 559 U.S. 77, 96, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010); *Boone v. Citigroup, Inc.,* 416 F.3d 382, 388 (5th Cir.2005). When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir.2002); *accord Scarlott,* 771 F.3d at 887; *Daimler-Chrysler Corp. v. Cuno,* 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006); *Gutierrez v. Flores,* 543 F.3d 248, 251 (5th Cir.2008); *In re Hot–Hed Inc.,* 477 F.3d 320, 323 (5th Cir.2007); *see* 13E CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3602.1 (3d ed.2013). Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Gutierrez,* 543 F.3d at 251; *Gasch v. Hartford Accident & Indem. Co.,* 491 F.3d 278, 281–82 (5th Cir.2007); *In re Hot–Hed Inc.,* 477 F.3d at 323. In short, any " 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.' " *Vantage Drilling Co. v. Hsin–Chi Su,* 741 F.3d 535, 537 (5th Cir.2014) (quoting *Acuna v. Brown & Root Inc.,* 200 F.3d 335, 339 (5th Cir.), *cert. denied,* 530 U.S. 1229, 120 S.Ct. 2658, 147 L.Ed.2d 273 (2000)).

Assuming this case falls within the court's admiralty jurisdiction under 28

U.S.C. § 1333, the court is of the opinion that this action is not removable under 28 U.S.C. § 1441. Prior to its amendment in December 2011, § 1441 provided:

(a) *Except as otherwise expressly provided by Act of Congress,* any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction *founded on a claim or right arising under the Constitution, treaties or laws of the United States* shall be removable without regard to the citizenship or residence of the parties. *Any other such action* shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

■ (emphasis added). The italicized language above served as the basis for the United States Court of Appeals for the Fifth Circuit's decision in *In re Dutile,* holding that admiralty claims filed in state court are not removable absent diversity jurisdiction. 935 F.2d 61, 62–63 (5th Cir. 1991) (citing *Romero v. Int'l Terminal Operating Co.,* 358 U.S. 354, 377–79, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959)); *see also Bridges v. Phillips 66 Co.,* No. 13–477–JJB–SCR, 2013 WL 6092803, at *3 (M.D.La. Nov. 19, 2013) ("The Fifth Circuit reasoned that because general maritime claims did not arise under the Constitution, treaties or laws of the United States, § 1441 was an Act of Congress which prevented removal of such claims alone.").

■ For many years, the United States Supreme Court has held that admiralty claims, although within a federal court's original jurisdiction under § 1333, are not considered to "arise under" the Constitution, treaties or laws of the United States for purposes of federal question or removal jurisdiction. *See Romero,* 358 U.S. at 378, 79 S.Ct. 468; *Tenn. Gas Pipeline v. Houston Cas. Inc.,* 87 F.3d 150, 153 (5th Cir.1996). Because maritime claims do not fall within the reference in the first sentence of § 1441(b) to cases "arising under" federal law, the Fifth Circuit concluded that they are governed by the language referring to "any other such action" in the second sentence of § 1441(b). *In re Dutile,* 935 F.2d at 62–63. The second sentence in subsection (b) bars removal of "any other such action" (including admiralty actions) unless none of the defendants is a citizen of the state in which the action is brought. *Id.* In other words, the second sentence of subsection (b) establishes the familiar "forum-defendant rule" for cases removed on the basis of diversity jurisdiction while incidentally barring removal of admiralty cases. Thus, § 1441(b) constitutes an "Act of Congress" which, under § 1441(a), serves to bar removal of a case otherwise within the original jurisdiction of a federal court. *Id.*

Following the 2011 amendment, § 1441 now reads:

(a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Removal based on diversity of citizenship.—

(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title [governing diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded.

(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The current version of § 1441 no longer makes a distinction between claims arising under federal law and "other such actions." "Instead, § 1441(b) now explicitly pertains only to removals based on diversity jurisdiction." *Barry v. Shell Oil Co.,* No. 13–6133, 2014 WL 775662, at *3 (E.D.La. Feb. 25, 2014). The amendment thus incorporates provisions governing diversity jurisdiction into a single subsection instead of placing them in different subsections. The legislative history suggests that the amendment was not designed to expand the removability of maritime claims, but instead "to make it easier to locate the provisions that apply uniquely to diversity removal." H.R. Rep. No.112–10, at 12 (2011); *see also Barker v. Hercules Offshore, Inc.,* 713 F.3d 208, 223 (5th Cir. 2013) (noting that the updated version of § 1441 is a clarification, as opposed to an amendment, of the original statute).

This change has also led, however, to a reexamination of the familiar notion that there is "no removal into admiralty." David W. Robertson & Michael F. Sturley, *Recent Developments in Admiralty and Maritime Law at the National Level and in the Fifth and Eleventh Circuits [Recent Developments],* 37 Tul. Mar. L.J. 401, 407 (2013). Although a minority of lower courts, including *Ryan v. Hercules Offshore, Inc.,* 945 F.Supp.2d 772 (S.D.Tex. 2013),[1] have held that the reorganization and rewording of § 1441 has undermined the Fifth Circuit's earlier analysis of the removability of admiralty cases filed in state court, a growing majority to address the issue have declined to follow the line of decisions spawned by *Ryan.*[2]

■ Recognizing the disagreements among courts about this issue, and mindful of the Supreme Court's directive that any

---

**1.** *See also Bridges,* 2013 WL 6092803, at *4; *Wells v. Abe's Boat Rentals Inc.,* No. H–13–1112, 2013 WL 3110322, at *4 (S.D.Tex. June 18, 2013).

**2.** *See Clear Lake Marine Ctr., Inc. v. Leidolf,* No. H–14–3567, 2015 WL 1876338, at *2–3 (S.D.Tex. Apr. 22, 2015); *Boudreaux v. Global Offshore Resources, LLC,* No. 14–2507, 2015 WL 419002, at *2–5 (W.D.La. Jan. 30, 2015); *Bisso Marine Co., Inc. v. Techcrane Int'l LLC,* No. 14–0375, 2014 WL 4489618, at *5 (E.D.La. Sept. 10, 2014); *Riley v. Llog Exploration Co. LLC,* No. 14–437, 2014 WL 4345002, at *4 (E.D.La. Aug. 28, 2014); *Henry J. Ellender Heirs, LLC v. Exxon Mobil Corp.,* 42 F.Supp.3d 812, 819–20 (E.D.La.2014); *Bartman v. Burrece,* No. 3:14–CV–0080–RRB, 2014 WL 4096226, at *4 (D.Alaska Aug. 18, 2014); *Gregoire v. Enter. Marine Servs., LLC,* 38 F.Supp.3d 749, 764–65 (E.D.La.2014); *Grasshopper Oysters, Inc. v. Great Lakes Dredge & Dock, LLC,* No. 14–934, 2014 WL 3796150, at *2 (E.D.La. July 29, 2014); *Cassidy v. Murray,* 34 F.Supp.3d 579, 583–84 (D.Md.2014); *Porter v. Great Am. Ins. Co.,* No. 13–3069, 2014 WL 3385148, at *1 (W.D.La. July 9, 2014); *Figueroa v. Marine Inspection Servs.,* 28 F.Supp.3d 677, 680–82 (S.D.Tex. 2014); *In re Foss Maritime Co.,* 29 F.Supp.3d 955, 959–60 (W.D.Ky.2014); *Alexander v. Seago Consulting, LLC,* No. 4:14–CV–1292, 2014 WL 2960419, at *1 (S.D.Tex. June 23, 2014); *Pierce v. Parker Towing Co., Inc.,* 25 F.Supp.3d 1372, 1382 (S.D.Ala.2014); *Gabriles v. Chevron USA, Inc.,* No. 2:14–00669, 2014 WL 2567101, at *4 (W.D.La. June 6, 2014); *Perrier v. Shell Oil Co.,* No. 14–490, 2014 WL 2155258, at *3 (E.D.La. May 22, 2014); *Rogers v. BBC Chartering Am., LLC,* No. 4:13–CV–3741, 2014 WL 819400, at *1 (S.D.Tex. Mar. 3, 2014).

" 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction,' " the court is of the opinion that it does not have removal jurisdiction over Carnes's claims. *Vantage Drilling Co. v. Hsin–Chi Su,* 741 F.3d 535, 537 (5th Cir.2014) (quoting *Acuna v. Brown & Root Inc.,* 200 F.3d 335, 339 (5th Cir.), *cert. denied,* 530 U.S. 1229, 120 S.Ct. 2658, 147 L.Ed.2d 273 (2000)). The Fifth Circuit has not overruled its longstanding precedent that federal courts do not have admiralty jurisdiction over maritime claims filed in state court pursuant to the saving-to-suitors exception to original admiralty jurisdiction. *Barker,* 713 F.3d at 222; *In re Eckstein Marine Serv., L.L.C.,* 672 F.3d 310, 315–16 (5th Cir.), cert. denied, —— U.S. ——, 133 S.Ct. 96, 183 L.Ed.2d 735 (2012) (holding that admiralty and maritime claims brought in state court cannot be removed in the absence of diversity unless there exists some basis for federal jurisdiction other than admiralty).

■ Despite the aforementioned authority adverse to its stance, F & G advances two arguments in support of its position that remand is not warranted. First, it contends that Carnes is not prevented from trying his case before a jury—a right secured by the saving-to-suitors clause—because F & G consents to an advisory jury in federal court. Second, F & G maintains that its removal of this case was proper because Carnes is a *Sieracki* seaman rather than a Jones Act seaman.[3] Both arguments are unpersuasive. While F & G may have consented to an advisory jury, its co-defendants have not. In any event, "[a]n advisory jury does no more than advise the judge; the ultimate responsibility for finding the facts remains with the court." *Frostie Co. v. Dr. Pepper Co.,* 361 F.2d 124, 126 (5th Cir.1966); *see*

*In re Incident Aboard D/B Ocean King,* 758 F.2d 1063, 1071 (5th Cir.1985). Moreover, F & G fails to explain how its purported solution dispels the ambiguity of law present in this case which compels the court to tip the scales in favor of remand. *See Vantage Drilling Co.,* 741 F.3d at 537.

Further, F & G attempts to distinguish this court's prior decisions in *Dyche v. U.S. Envt'l Servs., LLC,* No. 1:14–CV–394, 72 F.Supp.3d 692, 2014 WL 5473238 (E.D.Tex. Oct. 29, 2014) and *Hamerly v. Tubal–Cain Marine Servs., Inc.,* No. 1:14–CV–130, 62 F.Supp.3d 555, 2014 WL 5149752 (E.D.Tex. June 12, 2014)—which rejected the *Ryan* line of cases—on the basis that Carnes is a *Sieracki* seaman unlike the plaintiffs in *Hamerly* and *Dyche.* The court's reasoning in *Hamerly* and *Dyche,* however, did not hinge on either plaintiff's status as a Jones Act seaman. Rather the court held in both cases that it "will continue to adhere to the established rule that maritime cases brought in state court are not subject to removal due to the 'saving-to-suitors' clause of § 1333 and, therefore, are not removable under § 1441(a)." *Dyche,* 72 F.Supp.3d at 698, 2014 WL 5473238, at *5; *Hamerly,* 62 F.Supp.3d at 560, 2014 WL 5149752, at *5. Consistent with these prior holdings, the court will apply the rule that maritime cases brought in state court are not subject to removal due to the saving-to-suitors clause. Consequently, the court declines F & G's invitation to treat claims filed in state court pursuant to general maritime law differently based on the plaintiff's status as Jones Act or a *Sieracki* seaman.

### III. *Conclusion*

Based on the foregoing analysis, Plaintiff's Motion to Remand (# 8) is GRANT-

---

**3.** The *"Sieracki* seaman" doctrine allowed longshoremen to bring an unseaworthiness cause of action against a vessel owner. *See*

*Seas Shipping Co. Inc. v. Sieracki,* 328 U.S. 85, 95–99, 66 S.Ct. 872, 90 L.Ed. 1099 (1946).

ED. An order remanding this action to the 60th Judicial District Court of Jefferson County, Texas, will be entered separately.