# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2025

Lyle W. Cayce
Clerk

———————

No. 25-10327

———————

Kenny Taylor,

*Plaintiff—Appellant*,

*versus*

Brook Valley Management, Incorporated,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-1798

_____

Before Wiener, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

After Brook Valley Management removed Kenny Taylor's employment-related suit to federal court, the district court denied Taylor's motion to remand the case and dismissed his claims. Taylor appeals the denial of his motion to remand, arguing that the district court had neither federal question nor diversity jurisdiction over the case.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10327

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," 28 U.S.C. § 1367(a).  In his original petition, Taylor alleged violations of the Americans with Disabilities Act, National Labor Relations Act, "[Occupational Safety and Health Administration] laws," Equal Employment Opportunity Commission regulations, and Texas labor laws.  Taylor's claims, at least in part, thus clearly arise out of the laws of the United States. *See In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))).

Because the district court had federal question jurisdiction over the case, we need not consider Taylor's argument regarding diversity jurisdiction.

The district court's judgment is AFFIRMED.